432 A.2d 609

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Donald L. SLOUT.**

Superior Court of Pennsylvania.

Submitted Sept. 10, 1980.

Filed July 10, 1981.

Kenneth D. Brown, District Attorney, Williamsport, for Commonwealth, appellant.

John A. Felix, Williamsport, for appellee.

Before SPAETH, HESTER and CAVANAUGH, JJ.

CAVANAUGH, Judge:

The Commonwealth has appealed from an order of the trial court which granted the defendant's motion in arrest of judgment. Following a jury trial, appellee, Donald Slout, was found guilty of driving under the influence of alcohol or a controlled substance,[1] simple assault,[2] and resisting arrest.[3] The appellee filed a motion in arrest of judgment and motion for a new trial. The trial judge granted the appellee's motion in arrest of judgment as to the charge of driving under the influence but denied the motion in arrest of judgment and motion for a new trial as to the remaining counts. He did not act on the motion for a new trial on the conviction of driving under the influence.

1. 75 Pa.C.S.A. § 3731.

2. 18 Pa.C.S.A. § 2701.

3. 18 Pa.C.S.A. § 5104.

■ The trial court's grant of Slout's motion in arrest of judgment was based on grounds of insufficient evidence to support the jury's finding that the appellee was driving the truck.[4] It is well established that:

"In passing upon such a motion [in arrest of judgment], the sufficiency of the evidence must be evaluated upon the *entire trial record*. All of the evidence must be read in the light most favorable to the Commonwealth and it is entitled to all reasonable inferences arising therefrom. The effect of such a motion is to admit all the facts which the Commonwealth's evidence tends to prove." [Citations omitted.] [emphasis in original.]

*Commonwealth v. Tabb*, 417 Pa. 13, 16, 207 A.2d 884, 886 (1965); *Commonwealth v. Winebrenner*, 439 Pa. 73, 77–78, 265 A.2d 108 (1970); *Commonwealth v. Terenda*, 433 Pa. 519, 523, 252 A.2d 635 (1969); *Commonwealth v. Hazlett*, 429 Pa. 476, 478, 240 A.2d 555, 556 (1968). In order for a trial court to properly grant a criminal defendant's motion in arrest of judgment on the ground of insufficient evidence; "it must be determined that accepting all of the evidence and all reasonable inferences therefrom, upon which, if believed [the verdict could properly have been based], it would be nonetheless insufficient in law to find beyond a reasonable doubt that the [defendant] is guilty of the crime charged." *Commonwealth v. Blevins*, 453 Pa. 481, 483, 309 A.2d 421, 422 (1973); *Commonwealth v. Froelich*, 458 Pa. 104, 106, 326 A.2d 364, 365 (1974); *Commonwealth v. Winebrenner*, supra; *Commonwealth v. Terenda*, supra.

*Commonwealth v. Meadows*, 471 Pa. 201, 205–206, 369 A.2d 1266, 1268 (1977).

---

4. To establish that appellant was guilty of driving under the influence of alcohol, the Commonwealth had to prove (1) that he was operating a motor vehicle (2) while under the influence of alcohol. As noted by the appellee in his brief, "[he] at no time contradicted the fact that he was clearly 'under the influence' to a degree which would have rendered him incapable of safe driving". The only issue on this appeal is whether there was sufficient evidence for the jury to find that the appellee was operating a motor vehicle.

Reviewing the record in this light we find ample support for the following facts: Shortly after 3:00 a. m., on May 6, 1979, Officer Lowmiller of the Old Lycoming Township Police was dispatched to an accident at Ramp Q–3 on U.S. Route 15. Upon arrival at the scene he observed a dark colored Dodge pick-up truck sitting on top of the guard rails. The truck was severely damaged from hitting several barrels and the guard rails. The driver's side door was open. An unidentified observer told Lowmiller at the scene that the operator had left. The officer then proceeded to talk with Cindy Lowmiller [5] who informed him that Don Slout was driving. After talking to her and finding out where the appellee had headed the officer proceeded north on the ramp in his cruiser to attempt to locate Mr. Slout. Half way down the ramp he noticed a man at the intersection of the ramp and Foy Avenue. When the officer got to the bottom of the ramp he yelled, "Donald Slout." The appellee continued to cross the street staggering and swaying. At this point another police cruiser stopped at the corner. The appellee walked up to the driver's window and made an obscene remark to Police Chief Meredith who was the driver of the second police cruiser. Officer Lowmiller got out of his car and walked across to Mr. Slout and began speaking with him. From the beginning of the conversation the appellee was very belligerent and abusive. When Lowmiller mentioned to him about the truck being wrecked the appellee responded, "I can wreck my truck any time that I want." When the appellee was advised that he would have to go back to the scene of the accident he again became verbally abusive. Lowmiller and Meredith each took one of Slout's arms and he proceeded to pull away striking Officer Lowmiller. A further struggle ensued and mace was used to eventually subdue the appellee. He was handcuffed and taken to Williamsport Hospital to have the mace washed from his eyes. He continued to be quite violent at the hospital. After consultation with the magistrate on duty

---

5. Cindy Lowmiller had been married to Officer Lowmiller's brother but at the time of the trial was not related to him in any way.

the officers determined that Mr. Slout was unfit for arraignment at that time. He was than taken to Police Headquarters where a breathalizer test was administered. Officer Lowmiller also filled out an Alcoholic Influence Report form based on his questioning of Mr. Slout plus his observation of his behavior. In response to questioning by Officer Lowmiller, Slout responded that he had been involved in an accident and that he had been operating the truck. He also indicated that he had been drinking and had consumed at least four or five cans of beer. After questioning, the appellee was committed to the county prison as "unfit for arraignment" until the next afternoon when he was transported to the magistrate's office for arraignment.

■ Initially, we note that the trial judge applied an improper standard of review in ruling on the appellee's motion. In *Commonwealth v. Meadows, supra,* the Supreme Court reversed the lower court's granting of a motion in arrest of judgment where the lower court had applied an improper standard. The Court noted:

"... [A]n examination of the trial court's opinion in support of granting the motion in arrest of judgment reveals that the trial court, in passing on that motion engaged in a weighing of the evidence, rather than determining the absence or presence of that quantum of evidence necessary to establish some proof of the elements of the crimes ... In view of the fact that the initial verdict was guilty, it is apparent that the trial court re-evaluated Ostroff's credibility and the weight to be assigned thereto. As such, the trial court did not follow the standard articulated above for considering a motion in arrest of judgment, but rather weighed the evidence."

*Commonwealth v. Meadows,* 471 Pa. at 208, 369 A.2d at 1269. *See also Commonwealth v. Ponder,* 260 Pa.Super. 225, 393 A.2d 1235 (1978).

It is clear in the instant case that the judge did not accept Officer Lowmiller's testimony in the light most favorable to the Commonwealth. Instead he reevaluated the testimony of all the witnesses and noted the inconsistencies between the officer's testimony and the defense witnesses' testimony.

Specifically, he emphasized that Cindy Lowmiller, who was at the scene of the accident, testified that she never told the officer that Donald Slout was driving but informed him that she had been the operator of the vehicle. The judge pointed out that the appellee had testified that he did not recall driving the truck or being a passenger in it. In light of these and other inconsistencies the judge ruled that there was insufficient evidence for the jury to find that Donald Slout was the driver of the truck.

Since the trial judge weighed the evidence and judged the credibility of the witnesses rather that determine the absence or presence of that quantum of evidence, necessary to establish that Don Slout was the driver of the truck we cannot accept his ruling that the jury did not have sufficient evidence to find that Slout was driving. However, we must now apply the standard articulated in *Meadows* and decide if there was sufficient evidence for the jury to find beyond a reasonable doubt that Donald Slout was driving the truck.

■ The fact that Officer Lowmiller did not actually see Slout driving the truck is not fatal to the Commonwealth's case. In *Commonwealth v. Palmer,* 265 Pa.Super. 462, 402 A.2d 530 (1979) the defendant argued that the evidence was insufficient as a matter of law to convict him of driving under the influence because no one saw him actually driving the vehicle. The court rejected this argument because the defendant had admitted that he was the operator of the vehicle to the investigating police officer and such admission was admissible at trial as an exception to the hearsay rule.

■ Here, the officer testified that on three different occasions Donald Slout indicated that he was the driver. The fact that he was under the influence of alcohol when he initially made this admission does not affect the admissibility of these statements but rather goes to the weight which the jury may have given this testimony. At trial the appellee did not deny that he was the driver but only stated that he did not know if he was operating the truck.

■ The officer also testified, without objection, that Cindy Lowmiller was a passenger in the truck who informed

him that Donald Slout was the driver. Although this witness testified at trial that she was the driver of the truck the factfinder may believe some, all or none of this testimony. *Commonwealth v. Myrick*, 468 Pa. 155, 360 A.2d 598 (1976). Here the jury chose to believe the Commonwealth's testimony and reject the defense testimony.

Viewing the evidence in the light most favorable to the Commonwealth we find there was sufficient evidence for the jury to find that the appellee was driving the truck and therefore we reverse the trial court's order arresting judgment. However, appellee also filed a motion for a new trial which was not passed upon by the court below. It is clear that the granting of a new trial is a matter within the trial court's discretion and is not foreclosed by the decision on the arrest of judgment alone. *Commonwealth v. Vogel*, 458 Pa. 200, 321 A.2d 633 (1974); *Commonwealth v. Ponder, supra.*

Accordingly, the order arresting judgment is reversed and the case remanded to the trial court for disposition of the motion for a new trial.