463 A.2d 11

**COMMONWEALTH of Pennsylvania**

**v.**

**Manuel CARDONA, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 20, 1982.

Filed July 15, 1983.

Petition for Allowance of Appeal Denied Nov. 9, 1983.

Anthony S. Federico, Jr., Harrisburg, for appellant.

William A. Behe, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before WIEAND, CIRILLO and POPOVICH, JJ.

CIRILLO, Judge:

Appellant was charged with possession with intent to deliver a controlled substance,[1] heroin. After a jury trial and conviction, the appellant, on July 8, 1980, moved for a new trial on the following grounds:

1. The verdict is contrary to the evidence.
2. The verdict is contrary to the weight of the evidence.
3. The verdict is contrary to the law.

The appellant later filed a brief raising specific issues of law, including the admissibility of confessional statements and the propriety of the prosecutor's remarks to the jury in closing argument.

The trial court denied the post-verdict motions and imposed a sentence of three to six years' imprisonment. This appeal is from that judgment.

Among the grounds for reversal urged on this appeal are that the trial court erred in admitting into evidence inculpatory statements made to police by the defendant, and in allowing the prosecutor to make certain comments to the jury relating to the defendant's bail. A threshold procedural question which must be addressed is whether these issues are preserved for review in this Court.

After *Commonwealth v. Gravely*, 486 Pa. 194, 404 A.2d 1296 (1979), it should be abundantly clear that only issues specifically raised in post-verdict motions will be considered preserved for appellate review. In *Gravely*, the Supreme Court considered the appellant's case on the merits despite

1. 35 P.S. § 780–113(a)(30).

the fact that the issues had been preserved, not in post-verdict motions, but in a post-trial brief considered by the trial court. However, Chief Justice Eagen wrote that this practice of preserving issues in post-trial briefs was unsatisfactory, and would not be allowed after sixty days from the filing of the opinion.

Although the Chief Justice's opinion was joined by only one other member of the Court, three Justices in two concurring opinions expressed their view that no sixty-day waiting period was necessary, since *Commonwealth v. Blair* [2] had already held that Rule 1123(a)[3] requires specific post-verdict motions. Thus, a majority of the Supreme Court has mandated that, to be preserved for appeal, issues must be set out specifically in post-verdict motions, at least after the running of the sixty-day period.

It is not clear whether the appellant in *Gravely* had filed boiler plate post-verdict motions like the ones in the instant case, or no motions at all. However, this uncertainty does not change our analysis of the procedural issue in this case.

*Blair* had originally held that Rule 1123 requires post-verdict motions to be written, and that boiler plate challenges to the sufficiency of the evidence do not meet the requirement, even when later supplemented with specific oral objections.

In later cases an exception to *Blair* was recognized. Boiler plate post-verdict motions fleshed out in a post-trial brief considered by the trial court were held sufficient to preserve issues for appellate review. *Commonwealth v. Slaughter*, 482 Pa. 538, 394 A.2d 453 (1978); *Commonwealth v. Grace*, 473 Pa. 542, 375 A.2d 721 (1977).

The appellant in the instant case first filed typical boiler plate post-verdict motions, then a brief raising specific questions of law. In denying the motions, the trial court noted that *Gravely* no longer permits a brief to substitute for post-verdict motions, but went on to consider the specif-

**2.** 460 Pa. 31, 331 A.2d 213 (1975).

**3.** Pa.R.Crim.P. 1123, 42 Pa.C.S.A.

ic issues raised in the brief. However, since *Gravely* has overruled *Slaughter* and similar cases, it no longer matters whether the court below considers the specific issues raised in the brief.

■ This court has already interpreted *Gravely* to hold that boiler plate post-verdict motions supplemented by a brief, even if considered by the trial court, are insufficient to preserve issues for appeal. *Commonwealth v. Turner,* 270 Pa.Super. 58, 410 A.2d 895 (1979). We regret that some trial counsel, in attempting to get by with boiler plate post-verdict motions, still fail to heed the numerous warnings handed down since *Commonwealth v. Blair.* However, it is no longer merely a warning, but the law, that all issues not specifically raised in post-verdict motions are waived on appeal.[4]

Appellant relies on *Commonwealth v. Swint* [5] to remove him from the ambit of the *Gravely* rule. In *Swint* the Supreme Court considered the merits of the appellant's case even though he had relied on boiler plate motions and a brief below. Although *Swint* was filed after *Gravely,* it expressly followed the *Slaughter* procedure as traditionally acceptable. The only explanation for *Swint's* deviation from *Gravely* is that post-verdict motions in *Swint* apparently were filed before the effective date of *Gravely,* September 4, 1979. Appellant can take no refuge in *Swint,* having filed his post-verdict motions on July 8, 1980.

■ Therefore, we hold that the appellant has failed to preserve for our review the issues concerning the admissibility of inculpatory statements and the prosecutor's comments to the jury, since these issues did not appear in the post-verdict motions.

■ Appellant's boiler plate post-verdict motions, reproduced in the first paragraph of this opinion, alleged only that the verdict was contrary to the evidence, the weight of

4. *See Commonwealth v. Philpot,* 491 Pa. 598, 421 A.2d 1046 (1980).

5. 488 Pa. 279, 412 A.2d 507 (1980).

the evidence, and the law. The only one of these allegations that, standing alone, creates any sensible issue for a court to review, is that the verdict was against the weight of the evidence. The proper remedy when the verdict is against the weight of the evidence is for the defendant to be given a new trial. *Commonwealth v. Davis*, 477 Pa. 197, 383 A.2d 891 (1978). However, in his brief to this Court appellant's argument is that the evidence was *insufficient* to support the verdict;[6] when the evidence is insufficient to support the verdict, a defendant is entitled to have the charges against him dismissed outright. U.S. Const. amend. 5; *Hudson v. Louisiana*, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981). Not only are there distinct remedies for the respective situations in which the verdict is against the weight of the evidence, and in which the evidence is legally insufficient; the two situations also require different standards of review on our part. *See Commonwealth v. Pronkoskie*, 498 Pa. 245, 445 A.2d 1203 (1982); *Commonwealth v. Kaufman*, 307 Pa.Super. 63, 452 A.2d 1039 (1982); *Commonwealth v. Thompson*, 286 Pa.Super. 31, 428 A.2d 223 (1981). We will treat the allegation in appellant's post-verdict motions that the verdict was "contrary to the evidence" as a challenge to the sufficiency of the evidence, and hold that that challenge has not been waived.[7] However, we point out that just such complications as these have contributed to the frustration of the appellate courts

6. Almost as an afterthought, appellant has appended to his argument a conclusory statement that the verdict was against the weight of the evidence, and that he is therefore entitled to a new trial.

7. As of August 9, 1983, a boiler plate post-verdict motion challenging the sufficiency of the evidence will no longer be adequate to preserve even a general insufficiency claim for our review. *Commonwealth v. Holmes*, 315 Pa.Super. 256, 461 A.2d 1268 (1983) (en banc). A similar holding had earlier been made in *Commonwealth v. Neely*, 298 Pa.Super. 328, 444 A.2d 1199 (1982). However, *Holmes* specifically overruled *Neely* because our en banc Court believed that the rule announced in *Neely*, and reannounced in *Holmes*, should have prospective application only. In the current state of the law, we believe *Holmes* has decreed a "grace period" in which a boiler plate post-verdict motion will still preserve the general sufficiency question. It is for this reason that we consider appellant's claim that the evidence was insufficient.

388

of this State in dealing with boiler plate post-verdict motions, and to the waiver decisions detailed earlier in this opinion.

■ On the merits, we reject appellant's challenge to the sufficiency of the evidence. In order to convict a defendant of possession with intent to deliver a controlled substance, the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a controlled substance, and that he did so with the intent to transfer or deliver the controlled substance. *Commonwealth v. Herman,* 288 Pa. Super. 219, 431 A.2d 1016 (1981).

The evidence in the instant case established that, after determining by means of a controlled buy that heroin was being sold from 1727 Green Street in Harrisburg, police executed a search warrant on the premises, and discovered a brown bag containing twenty "decks" of heroin stashed in a closet. Although only a visitor to the premises was present when police began their search, appellant Manuel Cardona entered after police had found the heroin. Cardona subsequently was arrested.

■ Appellant argues that the Commonwealth failed to prove that he possessed the drugs found in the closet. If contraband is not found on the person of the defendant, the Commonwealth must prove constructive possession. This requires a showing that the defendant had the ability and intent to control the contraband. *Commonwealth v. Hoetzel,* 284 Pa.Super. 623, 426 A.2d 669 (1981). Whether the defendant had the ability and intent to control the contraband may be inferred from the totality of the circumstances of the case. *Commonwealth v. Banahasky,* 250 Pa.Super. 495, 378 A.2d 1257 (1977). Knowledge of the existence and location of the contraband may indicate an intent to control. *Commonwealth v. Thompson, supra.* In the instant case, Cardona's ability and intent to control the heroin was established through a congeries of circumstantial evidence. Although Cardona testified at trial that he did not live at 1727

Green Street at the time he was arrested, the Commonwealth introduced evidence that he entered the apartment at 1727 Green Street without knocking; that in the apartment police found several pieces of mail, including bank records, addressed to Manuel and Susan Cardona at the Green Street address, plus several wrapped packages which Cardona identified as Christmas gifts for his children; and that at the preliminary arraignment and again when bail was posted Cardona listed 1727 Green Street as his address. The Commonwealth also introduced evidence that Cardona admitted to police that the heroin was his, and correctly told the police the number of "decks" of heroin in the brown bag, twenty, before they had counted the decks. Taken together, this evidence was sufficient to permit the jury to infer that Cardona possessed the heroin.

As for the element of "intent to deliver," our Supreme Court has held that, in certain circumstances, the possession of a large quantity of a controlled substance may justify an inference of intent to deliver. *Commonwealth v. Gill*, 490 Pa. 1, 415 A.2d 2 (1980). At trial, two policemen, characterized in the trial court opinion as having "many years of specialized experience in drug investigations," (slip op. at 6), testified that twenty bags of heroin possessed by one person at one time would more likely be possessed for the purpose of sale than for personal use. The jury also had before them the evidence of the controlled purchase of heroin made by police from the Green Street apartment. This evidence, together with uncontradicted defense testimony that Cardona was not a heroin user, was sufficient to permit the jury to infer that, if Cardona possessed the heroin, he did so with intent to deliver. Therefore, we conclude that the evidence was legally sufficient to support the verdict; we also conclude that, under the standards set out in *Commonwealth v. Pronkoskie, supra,* and *Commonwealth v. Kaufman, supra,* the verdict was not contrary to the weight of the evidence.

390

The judgment of sentence is affirmed.[8]

WIEAND, J., concurs in the result.

---

**8.** The judgment in No. 18 CD 1980 is affirmed. No issues concerning the judgment in No. 1584 CD 1980 were briefed in this court. Accordingly, the right of appeal from that judgment has been waived.