481 A.2d 1223

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Ricardo ALVARADO.**

Superior Court of Pennsylvania.

Submitted Jan. 31, 1984.

Filed Sept. 21, 1984.

Eric B. Henson, Deputy District Attorney, Philadelphia, for Commonwealth, appellant.

John W. Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellee.

Before SPAETH, President Judge, and BECK and HOFFMAN, JJ.

SPAETH, President Judge:

This is an appeal by the Commonwealth from an order arresting judgment. Appellee was tried by a judge sitting without a jury on charges of burglary and criminal conspiracy. After his demurrer to the Commonwealth's evidence was denied, appellee presented evidence. The trial judge found appellee guilty, and appellee at once orally moved in arrest of judgment. The court granted the motion, stating that it should have granted the demurrer, and later stating in its opinion that in any case, the evidence was insufficient. The Commonwealth argues that in ruling on appellee's motion in arrest, the court should not have reconsidered its ruling on appellee's demurrer, but should have found the evidence sufficient. We agree and therefore reverse and remand for consideration of post-verdict motions.[1]

1. Since the trial court granted the demurrer, it did not rule on appellee's argument that his right to confront witnesses against him had been violated. N.T. 51–52. We must therefore remand for consideration of this argument. If it is determined to have merit, a new trial should be granted; otherwise sentencing should proceed.

66

██ A court hearing post-verdict motions en banc sits as an appellate court, *Commonwealth v. Bonser*, 215 Pa. Super. 452, 258 A.2d 675 (1969), and when the trial judge hears the motions alone, he may make any rulings that could be made by a court en banc, Pa.R.Crim.P. 1123(e). An appellate court may not review the correctness of a trial judge's ruling denying the defendant's demurrer where the defendant did not rest but instead presented evidence. *Commonwealth v. McNeal*, 493 Pa. 395, 426 A.2d 606 (1981). Accordingly, here, in ruling on appellee's motion in arrest, the trial judge should not have reconsidered his ruling on the demurrer. Instead, sitting as an appellate court, he should have determined only whether the evidence was sufficient to sustain his finding that appellee was guilty as charged, and in making that determination, he was obliged to view all of the evidence—the Commonwealth's and appellee's—in the light most favorable to the Commonwealth. *Commonwealth v. Meadows*, 411 Pa. 201, 369 A.2d 1266 (1977); *Commonwealth v. Slout*, 288 Pa.Super. 471, 432 A.2d 609 (1981); Pa.R.Crim.P. 1102(a).

The evidence may be summarized as follows. At 2:30 a.m. on April 24, 1981, Philadelphia Police Officer Michael Conly, responding to a call, went to the Casablanca Grocery Store on North 16th Street. N.T. 11–12. He observed that the window in the front door had been removed and that the lights were on; the store had not been ransacked. N.T. 12–13. The officer secured the property by nailing a piece of plywood over the opening where the window had been removed, and he then left. N.T. 13–14. When he returned, at 4:30 a.m., the plywood he had nailed up had been removed. *Id.* Appellee and two other men were inside the store, which by then had been ransacked. *Id.* The cigarette machine, which was intact at 2:30, had been broken into, and appellee had a trash bag filled with cigarettes. *Id.* The officer directed appellee and the two other men to come out of the store, but as he began to put them into the back of his wagon, they fled. Between then and the time of appellee's arrest, Officer Conly saw appellee five or six

times.  N.T. 16.  On each of these occasions appellee fled. *Id.*  Appellee's father owned the grocery store building but had rented it.  N.T. 22–23.  Appellee did not have keys to the store but his brother did.  N.T. 30.

In holding this evidence insufficient to sustain appellee's convictions of burglary and criminal conspiracy, the trial court stated that the Commonwealth had failed to establish the element of appellee's lack of license or privilege to be in the grocery store.  Slip op. of trial court at 7. However, the Commonwealth may prove any or all of the elements of any crime by circumstantial evidence.  *Commonwealth v. Madison,* 263 Pa.Super. 206, 397 A.2d 818 (1979).  Here, the circumstances in which Officer Conly found appellee at the store, viewed in the light most favorable to the Commonwealth, lead to the inference that appellee did not have license or privilege to be there.  It was 4:30 in the morning;  the store had been ransacked;  a cigarette machine had been broken;  appellee was holding a trash bag filled with cigarettes;  and rather than explain, appellee fled, then and on several other occasions.

Reversed and remanded for consideration of post-verdict motions.  Jurisdiction is not retained.