## Commonwealth v. Lavery

*Ewing D. Newcomer,* for Commonwealth.
*Samuel J. Davis,* for defendant.

CAPUZZI, *J.,* April 4, 1985—This matter is before the court pursuant to defendant's petition for writ of habeas corpus wherein he claims that the evidence presented at the preliminary hearing was insufficient to establish a prima facie case on the within charge of driving under the influence. For the reasons which follow, said petition must be granted.

On April 4, 1985, a hearing was held on the within petition, at which time Uniontown Police Officer Ronald Kozak, the Commonwealth's only witness at the preliminary hearing, testified that on February 17, 1985, around 7:00 p.m., he was dispatched to investigate a two vehicle accident in the city of Uniontown. Upon arrival, Kozak observed defendant standing in front of a truck located at a loading dock some twenty yards from the defendant's parked vehicle. As Kozak pulled alongside defendant and rolled down his window, Lavery pointed to the truck and stated, "I hit him. . ." During the investigation, Kozak detected the odor of alcohol on defendant's breath, at which time he placed him

under arrest on the within charge and took him to the Uniontown Police Station for the purpose of administering a breathalyzer test, which test revealed that he was legally intoxicated.

Based upon this evidence, the court concludes that the Commonwealth has failed to establish the corpus delicti of the offense by prima facie evidence, its burden at the preliminary hearing. Commonwealth v. Wojdak, 502 Pa. 359, 460 A.2d 991 (1983). In order to establish the corpus delicti on a charge such as this, it is necessary to show that a person was operating a vehicle and that he was doing so while under the influence of alcohol and/or a controlled substance. Commonwealth v. Slout, 288 Pa.Super. 471, 432 A.2d 609 (1981). Here, the evidence supports a finding that defendant was operating his automobile at the time of the accident and that he was legally intoxicated at the time the accident was investigated. However, the evidence does not support a finding that he was intoxicated at the time of the accident since there was no fact to indicate when the accident occurred, either directly or by inference. Accordingly, said charge must be dismissed.

Notwithstanding the court's determination, the defendant is subject to rearrest on the within charge during the applicable statute of limitations should further investigation provide the time of the accident's occurrence, since dismissal of the charge for the reason aforesaid is not a final determination, such as an acquittal, but only entitles the accused to his liberty for the present. Commonwealth v. Cartagena, 482 Pa. 6, 393 A.2d 350 (1978).

## ORDER

And now, April 4, 1985, upon consideration of the within petition for writ of habeas corpus and hear-

ing held thereon, the within charge is hereby dismissed due to the Commonwealth's failure to establish the corpus delicti by prima facie evidence. Opinion of the court to follow.