503 A.2d 443

**COMMONWEALTH of Pennsylvania**

v.

**Eugene BECKHAM, Appellant.**

Superior Court of Pennsylvania.

Submitted June 6, 1985.

Filed Jan. 21, 1986.

Richard E. Johnson, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Com., appellee.

Before WICKERSHAM, TAMILIA and HOFFMAN, JJ.

WICKERSHAM, Judge:

Eugene Beckham, a.k.a. Eugene Beckman, appeals from the judgment of sentence for third degree murder and

possession of an instrument of crime imposed by the court below.

The procedural history of this case is as follows: Appellant Beckham was found guilty of the above crimes in a jury trial before the Honorable Theodore B. Smith, Jr. Appellant's counsel filed post-trial motions in arrest of judgment and/or a new trial which were argued December 2, 1981.[1] On February 3, 1982 the lower court granted a new trial. On appeal by the Commonwealth, the Superior Court reversed the grant of a new trial and remanded the case for sentencing. *Commonwealth v. Frazier*, 331 Pa. Super. 128, 480 A.2d 276 (1984). On September 28, 1984, Judge Smith denied any remaining post-verdict motions and sentenced appellant to a term of eight and one-half ($8\frac{1}{2}$) to seventeen (17) years imprisonment for the third degree murder conviction and a concurrent term of two-and-one-half ($2\frac{1}{2}$) to five (5) years imprisonment for the possession of an instrument of crime conviction.

Appellant present two issues for appellate review:

I. Whether the trial court erred when it allowed the Commonwealth to introduce evidence of an [unrelated] shooting incident into the appellant's present trial to establish his culpability for the crime charged.

II. Whether the verdict of conviction was contrary to the weight of the evidence.

Brief for Appellant at 4.

The only written post-trial motions of record[2] are appellant's motions for new trial and/or in arrest of judgment

1. Counsel for appellant's co-defendant below, Larris Frazier filed a separate post-trial motion on April 15, 1981, which also requested a new trial. Additionally, Frazier's counsel filed a memorandum in support of post-trial motions on December 2, 1981 and supplemental post-trial motions on December 4, 1981.

2. The docket entries from the trial court reflect only appellant's motions filed on April 10, 1981. No supplemental motions appear in the record transmitted to this court, nor do the trial court docket entries suggest that such motions were ever filed. Since our record consists solely of "[t]he original papers and exhibits *filed* in the lower court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court ...", Pa.R.A.P.

filed April 10, 1981, in which he moved for relief on the following grounds:

1. The verdict is contrary to the evidence.

2. The verdict is contrary to the weight of the evidence.

3. The verdict is contrary to the law.

Appellant's Motion for New Trial and In Arrest of Judgment.

Since appellant did not specifically raise the issue of the admissibility of the previous shooting incident in post-trial motions, a threshold question which must be addressed is whether appellant's first issue is preserved for review in this court. After the decision in *Commonwealth v. Gravely,* 486 Pa. 194, 404 A.2d 1296 (1979), effective September 4, 1979, it should be clear that only issues specifically raised in post-verdict motions are preserved for our review. *Commonwealth v. Cardona,* 316 Pa.Super. 381, 463 A.2d 11 (1983). "[I]t is no longer merely a warning, but the law, that all issues not specifically raised in post-verdict motions are waived on appeal." *Id.,* 316 Pa.Superior Ct. at 386, 463 A.2d at 14. *See Commonwealth v. Philpot,* 491 Pa. 598, 421 A.2d 1046 (1980); *Commonwealth v. Gravely, supra; Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975).

We therefore hold that appellant has not preserved for review his first issue concerning the admissibility of the previous shooting incident since he failed to raise this issue in his post-verdict motions.[3]

1921 (emphasis added), we may consider on appeal only appellant's original post-trial motions denied by Judge Smith on September 28, 1984.

3. Assuming *arguendo* that this issue were to deserve further discussion, we find that the disputed evidence was admissible to establish Beckham's identity. *See Commonwealth v. Bastone,* 262 Pa.Super. 590, 594–95, 396 A.2d 1327, 1329 (1979). Evidence of the ballistics match of bullets found in the bodies of Sears (the victim of the previous shooting incident) and Armour (the victim in the instant case) showed that the same gun was used in both shootings. We are unpersuaded by appellant's attempts to distinguish *Commonwealth v. Evans,* 488 Pa. 38, 410 A.2d 1213 (1979) and *Commonwealth v. Nolen,* 330 Pa.Super. 366, 479 A.2d 595 (1984) from the case at bar.

■ Appellant's second issue concerning the weight of the evidence however may not be similarly dismissed. While appellant's boiler plate post-verdict motions, reproduced *supra*, allege only the most general grounds for new trial, including that the weight of the evidence was contrary to the verdict, we find these motions receive the benefit of the grace period enunciated in *Commonwealth v. Holmes*, 315 Pa.Super. 256, 461 A.2d 1268 (1983).

After appellant's post-verdict motions were filed, but well before the filing of appellate briefs in this case, the Superior Court *en banc* in *Holmes* comprehensively reviewed the state of the law regarding boiler plate motions. As discussed in *Commonwealth v. Whiteman*, 336 Pa.Super. 120, 485 A.2d 459 (1984), the court in *Holmes* determined that "thenceforth general allegations that 'the evidence was insufficient' or the verdict [was] against the weight of the evidence would be held inadequate to preserve *any* issues for appellate review." *Id.*, 336 Pa.Superior Ct. at 126, 485 A.2d at 462. The *Holmes* court, however, expressly stated that this rule should have prospective application only in order to assure full notice to the bar. *See id.* The court further decreed a sixty-day grace period before the expiration of which boiler plate sufficiency or weight claims could still be made in post-verdict motions. *Id.*

Finding appellant's weight claim thus preserved for appellate review, we now reach the merits of his argument. The applicable standard of review for such issues has been articulated by this court in *Commonwealth v. Whiteman*, *id.*, 336 Pa.Superior Ct. at 125, 485 A.2d at 462,[4] as follows:

> Whether a new trial should be granted on grounds that the verdict is against the weight of the evidence is addressed to the sound discretion of the trial judge, and his decision will not be reversed on appeal unless there has been an abuse of discretion.... The test is not whether the court would have decided the case in the same way

4. *Accord Commonwealth v. Merrick*, 338 Pa.Super. 495, 488 A.2d 1 (1985); *Commonwealth v. Taylor*, 324 Pa.Super. 420, 471 A.2d 1228 (1984); *Commonwealth v. Sample*, 321 Pa.Super. 457, 468 A.2d 799 (1983).

but whether the verdict is so contrary to the evidence as to make the award of a new trial imperative so that right may be given another opportunity to prevail.

Applying this standard in the instant case, we do not find that the decision of the trial judge should be reversed. Appellant asserts that the testimony of Commonwealth witnesses Clara Sims and Katrina Branch was "so fraught with errors, half-truths and misstatements to be practically worthless". Brief for Appellant at 9.

Credibility is a factual issue and is most appropriately resolved in the first instance by the trier of fact and reviewed on post-trial motions by the trial court, which has also observed the witnesses as they testified. Assessment of a witness's credibility is not an appropriate function of appellate review. *Commonwealth v. Cristina*, 481 Pa. 44, 391 A.2d 1307 (1978).

Nonetheless, courts in this jurisdiction have recognized that where evidence offered to support a verdict of guilt is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, a jury may not be permitted to return such a finding. *Commonwealth v. Goldblum*, 498 Pa. 455, 447 A.2d 234 (1982) (considering sufficiency of evidence claim). *See Commonwealth v. Cristina, supra* (sufficiency of evidence claim); *Commonwealth v. Farquharson*, 467 Pa. 50, 354 A.2d 545 (1976) (weight of evidence claim); *Commonwealth v. Whiteman, supra* (sufficiency of evidence claim); *Commonwealth v. Bennett*, 224 Pa.Super. 238, 303 A.2d 220 (1973) (sufficiency of evidence claim). Yet only in those limited circumstances where a verdict based on the evidence is unreasonable does this principle apply.

■ Here, appellant sets forth inconsistencies within witness Branch's testimony regarding her particular location when she observed the crime, in support of his contention that the verdict was contrary to the weight of the evidence. It is significant, however, that Branch's specific vantage

point did not relate to any crucial fact and her testimony was otherwise consistent in its essentials.

Appellant also cites contradictions between witness Sims' various statements to the police and her testimony at trial. Appellant's "reliance on contradictions between [Sims'] out-of-court statements and [her] in-court testimony is misplaced, for such discrepancies concern credibility and do not render impossible rational consideration of the evidence presented." *Commonwealth v. Goldblum, supra* 498 Pa. at 467, 447 A.2d at 240. "A new trial may be appropriate where the testimony *at trial* is hopelessly contradictory, but in this case testimony at trial was consistent." *Id.* (emphasis in original)

Finding the verdict of the jury not "so contrary to the evidence as to make the award of a new trial imperative", *Whiteman, supra,* we affirm the judgment of sentence.