513 A.2d 1069

**COMMONWEALTH of Pennsylvania**

v.

**George CARROLL, Appellant.**

Superior Court of Pennsylvania.

Submitted June 22, 1984.

Filed Aug. 11, 1986.

Marilyn C. Zilli, Assistant Public Defender, Harrisburg, for appellant.

Katherine E. Holtzinger, Deputy District Attorney, Harrisburg, for Com., appellee.

Before DEL SOLE, POPOVICH and ROBERTS, JJ.

DEL SOLE, Judge:

This appeal is from a Judgment of Sentence of 2½—5 years imprisonment, a fine of $300.00 plus the costs of prosecution imposed based upon Appellant's conviction of possession with intent to deliver a controlled substance (heroin).

Of the eight issues raised by Appellant, this court, 482 A.2d 1292, had previously considered one and found it to be meritorious. The Commonwealth appealed to the Supreme Court of Pennsylvania which reversed this court's order and remanded the case back to this court for consideration of Appellant's remaining claims, 507 A.2d 819. Since we find

another of Appellant's claims to have merit, we address that claim herein and we again reverse Appellant's Judgment of Sentence.[1]

Appellant maintains his trial counsel was ineffective for failing to preserve for appeal an issue regarding the propriety of the trial court's admission of a search warrant into evidence.

In examining Appellant's ineffectiveness claim we must first determine whether the underlying claim has merit. Second, we must inquire whether counsel's handling of the matter at issue had some reasonable basis designed to effectuate the client's interests. Counsel is not ineffective unless there was no reasonable basis for the action, nor is counsel ineffective for not taking baseless or meritless action. *Commonwealth v. Clemmons*, 505 Pa. 356, 479 A.2d 955 (1984). The test for competency is not whether other alternatives are more reasonable, employing a hindsight evaluation of the record, but whether counsel's assessment of the case and his advice were reasonable. *Commonwealth v. Larkins*, 340 Pa.Super. 56, 489 A.2d 837 (1985). In addition to the above, a finding of ineffectiveness requires a showing that the course of action pursued by counsel was prejudicial to the defendant so as to deprive him of a fair trial. *Commonwealth v. Pierce*, 345 Pa.Super. 324, 498 A.2d 423 (1985). At all times through the process, the law presumes counsel's stewardship is effective and the burden of proving ineffectiveness of counsel rests with the appellant. *Commonwealth v. Floyd*, 506 Pa. 85, 484 A.2d 365 (1984).

The ineffectiveness argument raised by Appellant is based upon counsel's failure to preserve for appeal a question concerning the court's admission of hearsay statements. These statements were contained in the probabale cause section of a search warrant which was admitted into

1. The remaining six issues have also been examined, and upon review of these claims and the applicable law, we conclude that they each lack merit.

evidence during Appellant's jury trial. Among other things the warrant stated:

> This confidential/reliable informanat indicated that drugs are being sold from this above listed room in the Econo Motel, and that George Carroll resides in this room. Affiant received information from another confidential informant concerning drugs at the above room in the Econo Motel. This confidential informant indicated that drugs are being sold from this room, and that George Carroll resides in this room and is selling drugs from the room.

The Commonwealth submits the statements are not hearsay because they were not offered for the truth of the matter asserted, but rather, to explain the course of action taken by police. The Commonwealth cites *Commonwealth v. Matthews*, 314 Pa.Super. 38, 460 A.2d 362, *Commonwealth v. Ryan*, 253 Pa.Super. 92, 384 A.2d 1243, and *Commonwealth v. Tselepis*, 198 Pa.Super. 449, 181 A.2d 710 (1962), to support its position.

■ It is true that an out-of-court statement offered to explain a course of conduct is not hearsay. *Commonwealth v. Cruz*, 489 Pa. 559, 414 A.2d 1032 (1980). "This court has repeatedly upheld the introduction of out-of-court statements for the purpose of showing that based on information contained in the statements, the police followed a certain course of conduct that led to the defendant's arrest." *Commonwealth v. Underwood*, 347 Pa.Super. 256, 259, 500 A.2d 820, 822 (1985). However, an out-of-court statement which is offered to prove its truth is hearsay and is generally inadmissable as evidence because the competency and veracity of the original speaker are not subject to examination. *Commonwealth v. Floyd*, 327 Pa.Super. 569, 476 A.2d 414 (1984), *Commonwealth v. Lewis*, 314 Pa.Super. 298, 460 A.2d 1149 (1983).

■ The statements in the instant case are inadmissable hearsay. Unlike the situations in the case cited by the Commonwealth, here the statements were not offered to

show a course of police conduct, but rather, to prove their truth and establish a necessary element of the crime for which Appellant was being tried. The police easily could have explained the circumstances leading to Appellant's arrest without the offending statements. The jury could have learned the police acted in response to a search warrant without admitting statements contained in the warrant, made by a person who was unavailable for cross-examination.

In this particular case the police seized seven "street dosages" of heroin in the pocket of a pair of women's blue jeans, a hypodermic syringe, a "cooker" and $70.00 of "marked money" in a motel room occupied by Appellant, his wife and his daughter. The issues at trial involved proof of possession by Appellant and proof of Appellant's intent to deliver the drugs, as opposed to making personal use of them. It is significant to note Appellant was not charged with making the controlled sale, instead he was only charged with possession with intent to deliver. Therefore, it was necessary to prove Appellant possessed the illegal drugs, and that he did so with the intent to transfer or deliver the controlled substances. *Commonwealth v. Cardona*, 316 Pa.Super. 381, 463 A.2d 11 (1983). The statements of the confidential informant "that drugs are being sold from this room, and that George Carroll resides in this room and is selling drugs from the room" goes directly to proving the elements at issue in Appellant's trial.

■ Evidence of a controlled purchase can be used to infer that if a person possessed a particular drug he did so with intent to deliver. *Id., Commonwealth v. Golden*, 277 Pa.Super. 180, 419 A.2d 721 (1980). Accordingly, it would have been proper for the police officers to testify about any controlled purchases which they personally made, *Commonwealth v. Cardona, supra,* or actions which they personally observed involving a sale. However, even the trial court noted "the Commonwealth witnesses at trial (the officers) could not make any hearsay declarations as to what the informant told them as to the identity of the

person from whom the purchase was made ...". Trial Court Opinion at 5. The statements contained in the search warrant do precisely what the trial court said was impermissible, and the fact that the statements were contained in a writing and were not verbally communicated on the stand by the officers is of no significance.

We conclude the statements contained in the probable cause section of the warrant were hearsay and not admissable under any exception to the hearsay rule. In addition, their admission clearly prejudiced Appellant since they went to the heart of the elements of the crime for which Appellant was being tried. We can conceive of no reasonable basis for counsel's failure to preserve this meritorious issue, and we, therefore, vacate Appellant's Judgment of Sentence, and remand the case for a new trial.

Judgment of Sentence reversed. Case remanded for a new trial. Jurisdiction relinquished.