527 A.2d 572

**COMMONWEALTH of Pennsylvania**

v.

**Paul J. LAPCEVICH, III, Appellant.**

Superior Court of Pennsylvania.

Argued March 17, 1987.

Filed June 18, 1987.

As Amended June 25, 1987.

Petition for Allowance of Appeal
Denied Oct. 13, 1987.

152

Charles F. Gilchrest, Sharon, for appellant.

Lorinda L. Hinch, Assistant District Attorney, Mercer, for Com., appellee.

Before ROWLEY, DEL SOLE and TAMILIA, JJ.

TAMILIA, Judge:

On November 27, 1985, appellant, Paul J. Lapcevich, III, was convicted by a jury of arson, 18 Pa.C.S. § 3301(c)(3), and criminal conspiracy to commit arson, 18 Pa.C.S. § 903.[1] Post-trial motions were denied and judgments of sentence were entered in which appellant was sentenced to a term of incarceration of one and one-half (1½) to ten (10) years for the arson conviction and one (1) to six (6) years for the conspiracy conviction, both to run consecutively, as well as

---

1. Appellant had proceeded to a jury trial on the same charges on February 22, 1983, however, a mistrial was declared on February 25, 1983, after the jury failed to arrive at a verdict. This resulted in appellant's requesting dismissal of the charges based on double jeopardy grounds, which motion was denied by both the lower court and our Court on appeal.

ordered to make restitution in the amount of $11,507.06. Appellant brought a timely motion to modify sentence on August 14, 1986, which was denied by the trial court by Order dated August 18, 1986. A timely appeal to this Court was filed on September 3, 1986.

■ Appellant first argues that the evidence presented at trial was insufficient as a matter of law to support the convictions because the allegedly unsupported and uncorroborated testimony of the physical perpetrator of the crime, David Atwell, was so uncertain, vague, contradictory and inconsistent so as to be utterly lacking in credibility. Our scope of review for evaluating claims based on the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth, and drawing all reasonable inferences favorable to the Commonwealth, there is sufficient evidence to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Harper*, 485 Pa. 572, 403 A.2d 536 (1979); *Commonwealth v. Griscavage*, 336 Pa.Super. 141, 485 A.2d 470 (1984). Guilt beyond a reasonable doubt can be shown wholly by circumstantial evidence. *Commonwealth v. Shirey*, 343 Pa.Super. 189, 494 A.2d 420 (1985); *Commonwealth v. Alvarado*, 333 Pa.Super. 63, 481 A.2d 1223 (1984). "A jury may convict even on the uncorroborated testimony of an accomplice." *Commonwealth v. Goldblum*, 498 Pa. 455, 466, 447 A.2d 234, 240 (1982); *Commonwealth v. Hamm*, 325 Pa.Super. 401, 473 A.2d 128 (1984); *Commonwealth v. Hartzell*, 320 Pa.Super. 249, 467 A.2d 22 (1983).

Atwell had been tried and found guilty of arson, criminal conspiracy and criminal mischief in an earlier trial, in which he did not testify, concerning the same fire in question here. In this case, Atwell testified that he conspired with appellant to set the fire for pay from appellant at a time when appellant would be out-of-town and forming an alibi. As in *Goldblum, supra,* appellant's contention is not that this evidence is insufficient, since Atwell's testimony alone would be enough to convict, but that Atwell's testimony must be omitted from consideration because it was uncertain, contradictory and inconsistent, leaving the convic-

tion supported by inadequate circumstantial evidence at best.

Most of the contradictions appellant relies upon are discrepancies between Atwell's trial testimony and his pre-trial statements to insurance investigators as well as his prior statements under oath. Brief for Appellant at 6–8. We find appellant's argument controlled by *Goldblum, supra,* 498 Pa. at 467, 447 A.2d at 240, in which the Supreme Court stated:

> [Appellant's] reliance on contradictions between [the witness'] out-of-court statements and his in-court testimony is misplaced, for such discrepancies concern credibility and do not render impossible rational consideration of the evidence presented. A new trial may be appropriate in a case where the testimony *at trial* is hopelessly contradictory, but in this case [the witness'] testimony at trial was consistent. Appellate courts reverse convictions based upon unreliable or contradictory evidence in order to prevent the verdict from being based upon mere conjecture 'rather than the product of reasonable reconciliation.' Such a purpose would not be served by removing evidence from the jury's consideration merely because it was challenged by the defense as to its credibility. (Emphasis in original).

Thus we find appellant's argument meritless. Credibility is a factual issue and is most appropriately resolved by the trier of fact, subject to review on post-trial motions; assessment of a witness' credibility is not an appropriate function of appellate review. *Commonwealth v. Cristina,* 481 Pa. 44, 391 A.2d 1307 (1978); *Commonwealth v. Beckham,* 349 Pa.Super. 430, 503 A.2d 443 (1986).

Next, appellant claims the trial court erred in refusing his point for charge number four, which reads as follows:

> 4. Although you may find Mr. Lapcevich guilty based on Mr. Atwell's testimony alone, even though it is not supported by any independent evidence, I must say to you that it would be very unsafe and dangerous for the jury to do so. *Cox v. Commonwealth,* 125 Pa. 94, 96–97 [17 A. 227] (1889).

Appellant misconstrues *Cox, supra,* as requiring the jury be informed it is dangerous or unsafe to convict on the unsupported testimony of an accomplice and we adopt Judge Acker's thoughtful discussion on that point. (Slip Op., Acker, P.J., 5/29/86, pp. 11–15).

■ Upon a thorough review of the trial court's instructions to the jury, we find the trial court adequately instructed the jury on the dangers of accomplice testimony without using the precise wording of appellant's point for charge four. (N.T. 11/12/85 to 11/18/85, vol. II, pp. 747–752). A trial court has broad discretion in phrasing its instructions to the jury and need not accept counsel's precise wording. *Commonwealth v. Ohle,* 503 Pa. 566, 470 A.2d 61 (1983).

■ Appellant's last contention on appeal is that the sentencing judge erred by failing to state adequate reasons on the record at the time of sentencing for the imposition of consecutive sentences of incarceration as opposed to concurrent sentences. This is a narrow question on appeal. Appellant does not contend that the sentencing court failed to state adequate reasons for the sentence imposed, merely that the imposition of consecutive sentences was invalid because the sentencing court did not state adequate reasons for making the sentences consecutive.[2] We disagree. The sentencing court set forth numerous reasons why it considered incarceration appropriate in appellant's case; including the gravity of the offense, the premeditated nature of appellant's actions and the serious danger to society such an offense can impose. (N.T. 8/4/86, pp. 30–45). We find the court fully complied with the requirements of *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977), when stating its reasons for the sentence imposed.

Judgment of sentence affirmed.

DEL SOLE, J., joined by ROWLEY, J., concur.

2. We determine that pursuant to the direction espoused in *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987), the appellant presented a suitable "statement of question" by "brief reasons" indicating a "substantial question" exists before discussion of the merits. We, therefore, may properly address the merits of the discretionary aspect of his sentence.

156

DEL SOLE, Judge, concurring:

I join the Majority Opinion. I write separately to express my position relative to the application of *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987).

In my view this court has jurisdiction to hear appeals from the discretionary aspects of sentencing as delineated in 42 Pa.C.S.A. § 9781(b).

Further, the Supreme Court in *Tuladziecki, supra,* specifically stated that the requirements set forth in that opinion are procedural in nature. Further, the court held:

The Appellant properly preserved his challenge to this *procedural* violation and for the reasons stated herein the Superior Court's decision to overlook it must be vacated. (Emphasis added).

Therefore, I would conclude in this case that the Appellee's failure to raise the procedural violation of the Appellant is a waiver of the *Tuladziecki* requirements.

In addition, since the *Tuladziecki* requirements are procedural, this court can consider whether or not there has been substantial compliance with those requirements in choosing to reach the discretionary aspects of sentencing issues. On that basis, I agree with my colleagues.