**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Earl W. TERRY, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 3, 2004.

Filed April 2, 2004.

· Karl Baker, Philadelphia, and John Packel, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: KLEIN, McCAFFERY, and OLSZEWSKI, JJ.

OPINION BY OLSZEWSKI, J.:

¶ 1 After a bench trial, appellant was convicted of unauthorized use of a motor vehicle. He now appeals, arguing that the Commonwealth's evidence is insufficient to prove he committed this offense. We disagree and affirm Mr. Terry's conviction.

**Standard of Review**

¶ 2 The standard we use when reviewing the sufficiency of the evidence is "whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to support all the elements of the offense[ ] beyond a reasonable doubt." *Commonwealth v. Miller*, 541 Pa. 531, 540, 664 A.2d 1310, 1314 (1995).

**Facts**

¶ 3 At trial, the evidence against Mr. Terry consisted of the arresting officer's testimony. The officer testified that on the night of November 10, 2002, he pulled over a black Mitsubishi Galant as it was being driven without rear lights. He approached the car and asked appellant for his driver's license, registration, and proof of insurance. Appellant had none of this documentation. When the officer looked

inside the car, he noticed that the steering column was broken and the vehicle was hotwired so that the car was started and shut off by pushing a metal rod up or down. The officer also noted that the dashboard was destroyed with the radio and vents missing.

¶ 4 After this testimony was presented, the Commonwealth rested and defendant/appellant moved for a judgment of acquittal. The motion was denied, and no further evidence was presented. The trial court then found Mr. Terry guilty of unauthorized use of a motor vehicle. It sentenced him to six to fifteen months' incarceration.

### Discussion

¶ 5 The crime of unauthorized use of a motor vehicle is defined as follows:

(a) Offense defined—A person is guilty of a misdemeanor of the second degree if he operates the automobile...of another without the consent of the owner.

(b) Defense—It is a defense to prosecution under this section that the actor reasonably believed that the owner would have consented to the operation had he known of it.

18 Pa.C.S. § 3928.

¶ 6 Appellant specifically argues that the Commonwealth failed to present sufficient evidence to prove the necessary *corpus delicti* of this crime in the absence of direct proof that the car had been stolen, and without testimony from the actual owner as to non-permission. Looking at the evidence in the light most favorable to the Commonwealth and giving it the benefit of all reasonable inferences to be drawn from that evidence, however, we believe that the Commonwealth proved all elements of this offense. This conviction must stand.

¶ 7 As we have explained in previous cases, any element of a crime may be proved via circumstantial evidence. *Commonwealth v. Moore*, 296 Pa.Super. 608, 440 A.2d 1241 (1981). The circumstantial evidence against appellant in this case is overwhelming. The Commonwealth showed that Mr. Terry *did not have one piece of documentation* for this car: no driver's license, no proof of registration, no proof of insurance. Further, and most importantly, the car being operated by Mr. Terry was hotwired.

¶ 8 Looking at this evidence and giving the Commonwealth the benefit of every inference therefrom, this evidence proves beyond a reasonable doubt that Mr. Terry committed the crime of unauthorized use of motor vehicle. This conclusion rests upon: 1) the common-sensical inference that a person with permission to drive a car will use *keys* and not hotwire the car; 2) the common-sensical inference that a person with permission to use a car will have at least *some documentation* concerning the car; and 3) our reliance upon the prior case of *Commonwealth v. Alvarado*, 333 Pa.Super. 63, 481 A.2d 1223 (1984). *Alvarado* shows that such weighty circumstantial evidence as found in Mr. Terry's case proves "lack of permission." *Id.* at 1225.

¶ 9 In *Alvarado*, a Philadelphia police officer was called to investigate the Casablanca Grocery Store at 2:30 in the morning. When he arrived, he found that the front window was removed and the lights were on. Nothing else was out of the ordinary. To secure the property, he nailed a piece of plywood over the opening where the window was removed. *Alvarado*, 481 A.2d at 1225.

¶ 10 The officer returned to the store at 4:30 a.m. and found that the plywood board was removed. When he entered the store, he saw Mr. Alvarado and two other men filling up a trash bag with cigarettes from a smashed cigarette machine. The

store, which was fine when he left two hours earlier, was ransacked. *Id.*

¶ 11 The officer ordered the men to come with him, but when they were all outside the men fled. Afterwards, the officer spotted Mr. Alvarado several times; on each of these occasions, Mr. Alvarado ran away from the officer. *Id.*

¶ 12 Mr. Alvarado was arrested for burglary and, on appeal to our Court, argued that the evidence was insufficient to prove his "lack of license or privilege to be in the grocery store." We disagreed. As we stated in the opinion, the totality of the circumstances "viewed in the light most favorable to the Commonwealth [as verdict winner], [led] to the inference that [Mr. Alvarado] did not have license or privilege to be there." *Id.* These circumstances included the fact that: "[I]t was 4:30 in the morning; the store had been ransacked; a cigarette machine had been broken; [Mr. Alvarado] was holding a trash bag filled with cigarettes; and rather than explain, [Mr. Alvarado] fled, then and on several other occasions." *Id.*

¶ 13 The current case contains a similar plethora of circumstantial evidence as was found in *Alvarado.* This is clearly not a case of mere damage to an automobile. The direct evidence showed that Mr. Terry was driving a hotwired car, without any proof of ownership or insurance, and without even a driver's license. This direct evidence is supported by the common sense inference that the legitimate owner of a car (or an individual driving with permission of the legitimate owner) would not *destroy the steering column* of the car in order to drive it. Rather, the true owner would use a key, either an original or a replacement, obtainable by the true owner, if the original had been lost. Viewing the direct evidence, along with the commonsense inferences to be drawn therefrom in the light most favorable to

the Commonwealth, it is clear that the Commonwealth proved beyond a reasonable doubt that Mr. Terry was not entitled to drive that car.

¶ 14 In conclusion, both common sense and prior precedent demand that this conviction stand.

¶ 15 Judgment of sentence AFFIRMED.