516 A.2d 1180

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**James GILLESPIE, Appellee.**

Supreme Court of Pennsylvania.

Argued Jan. 24, 1986.

Decided Oct. 28, 1986.

Ernest D. Preate, Jr., Dist. Atty., for appellant.

John J. Cerra, Carbondale, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION ANNOUNCING THE JUDGMENT OF THE COURT

ZAPPALA, Justice.

The Commonwealth appeals a Superior Court Order reversing the Order of the Court of Common Pleas of Lackawanna County denying Appellant's relief under the Post-Conviction Hearing Act (PCHA) 42 Pa.C.S.A. § 9541 *et seq.* The gravamen of the Commonwealth's appeal is that the Superior Court erred in synthesizing a rule applicable to this case from our holdings in *Commonwealth v. Sparrow,* 471 Pa. 490, 370 A.2d 712 (1977) and *Commonwealth v. Tarver,* 493 Pa. 320, 426 A.2d 569 (1981) and further erred by applying that rule retroactively to the instant case. For the reasons which follow, we approve the Superior Court's synthesis of the rule, but reverse its application to the case before us.

Facts germane to this appeal are that Appellee was found guilty on June 28, 1972 of first degree murder and armed robbery following the robbery of a gas station and the abduction and subsequent murder of the attendant. Appellee was sentenced to life imprisonment for the murder and to a concurrent sentence of five to ten years on the robbery. On direct appeal this Court affirmed Per Curiam. *Com-*

*monwealth v. Gillespie*, 460 Pa. 573, 333 A.2d 920 (1975). A habeas corpus petition was filed in the United States District Court for the Middle District of Pennsylvania and that court denied the petition on October 21, 1976. That denial was affirmed by the United States Court of Appeals for the Third Circuit and the United States Supreme Court denied Appellee's petition for certiorari. Appellee then filed a PCHA petition on June 13, 1979 and, following a hearing, that petition was denied by the lower court. The Superior Court, at 333 Pa.Super. 576, 482 A.2d 1023 (1984), reversed and the appeal to this Court followed our grant of allocatur.

The Commonwealth first argues that the Superior Court incorrectly applied our holdings in *Sparrow* and *Tarver*. In the instant case, the trial court, in charging the jury, gave an instruction by which the jury could find the defendant guilty of felony murder or premeditated murder, both considered murder of the first degree under the statute then in effect, Act of June 24, 1939, P.L. 872 § 701, which provided:

> All murder which shall be perpetrated by means of poison, or by lying in wait, or by any other kind of willful, deliberate and premeditated killing, or which shall be committed in the perpetration of, or attempting to perpetrate any arson, rape, robbery, burglary, or kidnapping, shall be murder in the first degree. All other kinds of murder shall be murder in the second degree.

In *Sparrow*, we were faced with a similar question as to the dual jury charge and a general verdict of murder in the first degree and stated that "[s]ince there is no way of knowing on which theory the jury proceeded, we must consider appellant's contention that the robbery offense, if it lay behind the murder verdict, merged into the offense of murder and is not separately punishable." *Sparrow*, 471 Pa. at 502, 370 A.2d at 718. We went on to hold, however, that even if the robbery offense lay behind the murder verdict, a sentencing for the underlying felony did not violate the doctrine of merger or the Double Jeopardy Clause. We specifically overruled this holding in *Tarver* by holding that the imposition of a sentence for the underlying

felony in a felony murder conviction violated the Double Jeopardy Clause. In so doing, we did not overrule the logic that where there is no way of knowing on which theory the jury proceeded, we must give the defendant the benefit of the doubt and presume that the jury based its conviction on the felony murder portion of the statute. To that end, the Superior Court was correct in formulating the following rule:

> [I]f there is no way of knowing on which theory (felony murder or willful, deliberate and premeditated murder) the jury based its verdict of first degree murder, a sentence may not be imposed both for the murder conviction and for the felony that would be the underlying offense were the murder conviction considered to be based on a theory of felony murder.

*Gillespie,* 333 Pa.Super. at 585, 482 A.2d at 1027.*

We turn now to a review of the Superior Court's application of the rule to the Appellee's case. The retroactive application of case law is often a confusing area of jurisprudence given the various tests and analyses applied to individual cases under various rationales. In the present case, the Superior Court, after formulating its rule, extended our holding in *Commonwealth v. Cabeza,* 503 Pa. 228, 469 A.2d 146 (1983), to cases where the direct appeal has been exhausted and the issue has been raised via a PCHA collateral attack. *Cabeza* held that where an appellate decision overrules prior law and announces a new rule of law, then except where it is specifically declared to apply prospective only, the new rule is to be applied to all cases where the issue in question is properly preserved at all stages up to and including direct appeal. *Id.,* 503 Pa. at 233, 469 A.2d at 148. The extension of *Cabeza* to encompass the instant set of facts was error.

---

* It is recognized that this rule is of limited applicability. The homicide statute was revised in 1974 to designate felony murder as second degree murder. There is thus no longer a possibility of being unable to ascertain whether the underlying felony contributed to the murder conviction; the degree of murder identifies the answer to this question.

■ The rule of retroactivity announced in *Cabeza* is a broad one and is thus susceptible to the extension to which the Superior Court has given it. We have never decided whether full retroactivity of a case encompasses a collateral attack on the conviction. In giving full retroactive effect of prior case law to a subsequent litigant, especially one seeking the benefit of a change in a fundamental constitutional right, we must balance the desire for broad application of that right with the knowledge that justice and jurisprudence both require some sense of finality. In arriving at this approach, we find quite reasonable, and, therefore, adopt the reasoning of the United States Supreme Court in *Shea v. Louisiana*, 470 U.S. 51, 105 S.Ct. 1065, 84 L.Ed.2d 38 (1985) where that Court discussed the difference between applying full retroactivity to a pending and undecided direct review of a judgment of conviction and a federal collateral attack upon a state conviction which has become final. The Court noted that "... [t]he distinction ... properly rests on considerations of finality in the judicial process. The one litigant already has taken his case through the primary system. The other has not. For the latter, the curtain of finality has not been drawn. Somewhere, the closing must come." *Id.* 105 S.Ct. at 1070. The Court then stated:

> As we hold, if a case was pending on direct review at the time *Edwards* [*v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981)] was decided, the appellate court must give retroactive effect to *Edwards*, subject, of course, to established principles of waiver, harmless error, and the like. If it does not, then a court conducting collateral review of such a conviction should rectify the error and apply *Edwards* retroactively. This is consistent with Justice Harlan's view that *cases on collateral review ordinarily should be considered in light of the law as it stood when the conviction became final. See Mackey v. United States*, 401 U.S. 667, 689, 91 S.Ct. 1160, 1178, 28 L.Ed.2d 404 (1971) (Harlan, J., concurring). (Emphasis added).

*Id.* 105 at 1070 n. 4. Simply stated, a new rule of law to which we give full retroactive effect, will not be applied to any case on collateral review unless that decision was handed down during the pendency of an appellant's direct appeal and the issue was properly preserved there, or, as here, is non-waivable.

▮ The Appellee's issue is properly before us on collateral review as a non-waivable issue. Nevertheless, the Appellee cannot benefit from the new rule since the direct appeal of his conviction was final in this Court on March 18, 1975, while *Sparrow* was decided in 1977 and *Tarver* in 1981. Therefore, under the law then existing at the time of Appellee's conviction, his sentence was not illegal and the subsequent changes made by *Sparrow* and *Tarver*, not having been available during the pendency of his direct appeal, are not available now for retroactive application in his collateral attack.

For the foregoing reasons, the Order of the Superior Court vacating Appellee's sentence of five to ten years on the robbery conviction is reversed.

Reversed and sentence reinstated.

LARSEN, J., filed a concurring opinion in which PAPADAKOS, J., joined.

McDERMOTT and HUTCHINSON, JJ., filed concurring opinions.

LARSEN, Justice, concurring.

I agree with the majority that the Superior Court correctly formulated from this Court's holdings in *Commonwealth v. Sparrow*, 471 Pa. 490, 370 A.2d 712 (1977), and *Commonwealth v. Tarver*, 493 Pa. 320, 426 A.2d 569 (1981), its rule that a sentence may not be imposed both for first degree murder and for a separate felony if there is no way of knowing whether the murder conviction was based on the separate felony. I disagree with the substance of that rule, however, and believe that *Tarver* was incorrectly decided

and should be overruled. *See Commonwealth v. Tarver, supra* (Larsen, J., dissenting).

Additionally, while I agree with the majority that the Superior Court's extension of *Commonwealth v. Cabeza,* 503 Pa. 228, 469 A.2d 146 (1983), to the instant case was error, I do not agree that "[t]he rule of retroactivity announced in *Cabeza* is a broad one and is thus susceptible to the extension to which the Superior Court has given it." At 1182. *Cabeza* held that

> where an appellate decision overrules prior law and announces a new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively to cases where the issue in question is *properly preserved at all stages of adjudication up to and including any direct appeal.*

503 Pa. at 233, 496 A.2d at 148 (emphasis added). Far from being broad, the rule announced in *Cabeza* is clear and specific in limiting itself to cases which are on direct appeal only.

PAPADAKOS, J., joins this concurring opinion.

McDERMOTT, Justice, concurring.

I join the majority's holding that retroactivity does not apply except to cases on direct appeal.

I dissent to any interpretation, under new or old law, that vivifies the doctrine of *Commonwealth v. Tarver,* 493 Pa. 320, 426 A.2d 569 (1981). In a felony murder I would hold that the murder and underlying felony are discrete, individual offenses, each punishable separately. If one comes, gun in hand, to rob and kill, or kills and then robs, he does two acts. Only fatuous lenity can excuse him for one and not the other.

HUTCHINSON, Justice, concurring.

I concur in the result. I write separately to indicate that authoritative decisions of the United States Supreme Court may require us, as a matter of federal constitutional law, to grant full retroactivity to a decision, *i.e.,* apply it to cases on

collateral review, where the constitutional rights involved implicate the truth-determining process of the trial and where the later decision does not represent a clear break with the past. *See United States v. Johnson*, 457 U.S. 537, 543, 102 S.Ct. 2579, 2583, 73 L.Ed.2d 202 (1982). Otherwise, I agree with Mr. Justice Larsen's view that the *Cabeza* rule applies only to cases on direct appeal. Since the rule here involved does not come within the *Johnson* rationale, and *Cabeza* is certainly no broader, limiting the *Tarver* rule to direct appeals controls the result in this case. I therefore do not reach the issue of whether it is wrongly decided.