569 A.2d 329

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Norman LURIE, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 26, 1989.

Decided Jan. 24, 1990.

Ernest D. Preate, Atty. Gen., Ronald T. Williamson, Deputy Atty. Gen. and Michael W.H. Duncan, Sr. Deputy Atty. Gen., for appellant.

John W. Morris, Robert B. Hoffman, and Elizabeth B. Metz, Harrisburg, for appellee.

Thomas J. McGarrigle, Philadelphia, for amicus curiae, Pennsylvania Medical Soc.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT; ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

In this appeal by the Commonwealth, the issue we must decide is whether the Medicaid Fraud Abuse and Control Act, 62 Pa.S. § 1407(a)(4), § 1407(a)(7) and § 1407(a)(9), requires proof of knowing or intentional conduct to establish criminal culpability.

Norman Lurie, a licensed dentist and the appellee herein, was arrested and charged with 22 counts of Medicaid Fraud. The charges arose out of his treatment of 13 patients while he was employed at a Philadelphia dental clinic during 1984. Each of the counts was separately charged as a violation of 62 Pa.S. § 1407(a)(1), § 1407(a)(4), § 1407(a)(7), and § 1407(a)(9) thus cumulating a total of 88 charges against Dr. Lurie. In the charges, the Commonwealth alleges (a) that the Department of Public Welfare (DPW) was billed for services not rendered; (b) that DPW was billed for non-compensable services; and (c) that certain billings for dental services made by the appellee to DPW were upgraded in order to obtain compensation greater than the actual work done would allow.

Prior to trial, the appellee filed a *motion in limine* asserting that all charges brought under 62 P.S. § 1407 require proof of intent, as opposed to recklessness, to establish guilt. The Commonwealth, on the other hand, argued that 62 P.S. § 1407(a)(4), (a)(7) and (a)(9) required only reckless or criminally negligent conduct for criminal culpability. The trial court granted appellee's *motion in limine* ruling that the culpability necessary to sustain a conviction under 62 Pa.S. §§ 1407(a)(4), (a)(7) and (a)(9) is proof of a knowing or intentional presentation of fraudulent claims. The trial court held that proof of recklessness in presenting claims to the DPW could not sustain a conviction. Along with granting the *motion in limine*, the trial

court certified that its interlocutory order involved a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal may ultimately advance the ultimate determination of the question. Pa.R.A.P. 1312. Pursuant to 42 Pa.C.S. § 702(b) and Pa.R.A.P. 1311, the Commonwealth timely filed a Petition for Permission to Appeal the trial court's interlocutory order in the Superior Court. Permission to appeal was granted and the Superior Court affirmed. 379 Pa.Super. 661, 545 A.2d 385.

The Medicaid Fraud Abuse and Control Act, 62 Pa.S. § 1407 provides in pertinent part:

**§ 1407. Provider prohibited acts, criminal penalties and civil remedies**

(a) It shall be unlawful for any person to:

(1) Knowingly or intentionally present for allowance or payment any false or fraudulent claim or cost report for furnishing services or merchandise under medical assistance, or to knowingly present for allowance or payment any claim or cost report for medically unnecessary services or merchandise under medical assistance, or to knowingly submit false information, for the purpose of obtaining greater compensation than that to which he is legally entitled for furnishing services or merchandise under medical assistance, or to knowingly submit false information for the purpose of obtaining authorization for furnishing services or merchandise under medical assistance.

\*     \*     \*     \*     \*     \*

(4) Submit a claim for services, supplies or equipment which were not rendered to a recipient.

\*     \*     \*     \*     \*     \*

(7) Submit a claim which misrepresents the description of services, supplies or equipment dispensed or provided; the dates of services; the identity of the recipient; the identity of the attending, prescribing or referring practitioner; or the identity of the actual provider.

\*     \*     \*     \*     \*     \*

(9) Submit a claim for a service or item which was not rendered by the provider.

The Commonwealth argues, as a matter of law, that § 1407(a)(4), (a)(7), and (a)(9) do not require the prosecution to establish a knowing and/or intentional mental state of mind to prove criminal culpability and sustain the accused's conviction. Rather, the Commonwealth vigorously submits that proof of recklessness on the part of the accused provider is sufficient to support a conviction. The Commonwealth's argument is based upon the readily discernible fact that subsections 1407(a)(4), (a)(7), and (a)(9) do not contain "mens rea" or "intent" language. Contrasted with the language of § 1407(a)(1) which expressly requires a knowing or intentional act, subsections (a)(4), (a)(7), and (a)(9) are silent with respect to the requirement of knowing or intentional conduct.

■ The paramount concern in interpreting and construing the provisions of a statute is the intention of the legislature. 1 Pa.C.S.A. § 1921(a). It is our obligation to determine and give effect to that intention. *Id.*

> "[S]ections of statutes are not to be isolated from the context in which they arise such that an individual interpretation is accorded one section which does not take into account the related sections of the same statute. Statutes do not exist sentence by sentence. Their sections and sentences comprise a composite of their stated purpose. All sections and sentences that address that purpose are subsumed in each other and in the entire context of the statute."

*Commonwealth v. Revtai,* 516 Pa. 53, 63, 532 A.2d 1, 5 (1987). The principle of statutory construction affirmed in *Revtai* is helpful in construing the provisions of the Medicaid Fraud Abuse and Control Act before us in the instant case. Subsections (a)(4), (a)(7) and (a)(9) of § 1407 are not to be isolated and read out of the context of the entire statute. They are not to be given an individual interpretation which fails to take into account the provisions of subsection (a)(1) and the stated purpose of the Act.

The purpose of the Medicaid Fraud and Abuse Control Act is "to eliminate fraudulent, abusive and deceptive conduct and practices that may occur." Introductory paragraph of Act 1980, July 10, P.L. 493, No. 105. In speaking of "fraudulent, abusive and deceptive" conduct, the legislature most certainly is referring to willful conduct as opposed to recklessness or negligence. Subsection (1) of § 1407(a) declares it unlawful: (i) to *knowingly or intentionally* present for payment of any false or fraudulent claim for furnishing services or merchandise under medical assistance; (ii) to *knowingly or intentionally* present for payment any claim for medically unnecessary service or merchandise; (iii) *to knowingly* submit false information for the purpose of obtaining greater compensation than that to which the provider would be entitled; and, (iv) to *knowingly or intentionally* submit false information for the purpose of obtaining authorization to furnish medical services or merchandise.

■ Subsection (a)(4) of § 1407 makes it unlawful to submit a claim for services or merchandise which was not delivered to a recipient. It is fundamental that to knowingly submit a claim for services, etc. that were not rendered is to present a false or fraudulent claim for payment. To recklessly or negligently present a claim for services, etc. which were not delivered does not amount to a knowing presentment of a false or fraudulent claim. Reading this provision in the context of the entire statute, including the "mens rea" requirement of subsection (a)(1), it is reasonable to conclude that the General Assembly did not intend to treat recklessness and/or negligence in presenting claims the same as willful fraud.

Subsection (a)(7) of § 1407 makes it unlawful to submit a claim which *misrepresents* the service or merchandise delivered, the date or dates of delivery, the identity of the person or persons who received the services or merchandise, the identity of the provider, etc. Again, it is fundamental that to purposely *misrepresent* any of the information described in subsection (a)(7), is to knowingly present a false or

fraudulent claim for payment. On the other hand, a claim which recklessly or negligently misrepresents any of the described information does not involve a knowing presentment of a fraudulent claim and is not accorded criminality.

Subsection (a)(9) of § 1407 makes it unlawful to submit a claim for something that was not provided by the provider. This subsection is similar to subsections (a)(4) and (a)(7) in that purposely submitting a claim for a service or item not delivered by the provider-claimant is fraud and subject to the criminal sanctions of the statute. Where a provider recklessly or negligently submits a claim for a service or item not rendered, there is no fraud and criminal sanctions are not implicated.

■ The penalties for violating the provisions of the Medicaid Fraud and Abuse Control Statute are set forth at § 1407(b)(1):

A person who violates any provision of subsection (a), excepting subsection (a)(11), is guilty of a felony of the third degree for each such violation with a maximum penalty of fifteen thousand dollars ($15,000) and seven years imprisonment. A violation of subsection (a) shall be deemed to continue so long as the course of conduct or the defendant's complicity therein continues; . . . .

The appellant Commonwealth argues that since § 1407(a)(4), (a)(7) and (a)(9) are silent as to the requirement of knowing or intentional conduct, the *mens rea* element is not essential to sustain a conviction under any or all of these subsections. However, it would be wholly inconsistent and unreasonable for the General Assembly to make it a felony punishable by a maximum penalty of a fine of fifteen thousand ($15,000) dollars and a term of imprisonment of seven years for violating § 1407(a)(1) by *knowingly* or *intentionally* presenting any false or fraudulent claim for services or merchandise, and likewise deem it a felony with the identical maximum penalties under § 1407(a)(4) for recklessly or negligently submitting a claim for services or merchandise not delivered to the recipient. It is a principle of statutory construction that the legislature is presumed

not to intend a result that is absurd or unreasonable. *Hatchard v. Westinghouse Broadcasting Company,* 516 Pa. 184, 532 A.2d 346 (1987); 1 Pa.C.S.A. § 1922(1). The interpretation which the Commonwealth urges us to adopt and apply to § 1407(a)(4), (a)(7) and (a)(9) most certainly would produce an absurd and unreasonable result. A provider who recklessly or negligently submitted a claim for services not delivered would be treated as a felon subject to a fine and imprisonment the same as a provider who schemed to intentionally defraud the medical assistance program. We cannot presume that the legislature intended such a result.

Additionally, the provisions of § 1407(a) are penal in nature and thus, must be strictly construed. 1 Pa.C.S. § 1928(b)(1); also see *Milewski v. Commonwealth,* 93 Pa. Commw. 120, 500 A.2d 1261 (1985). The Commonwealth argues that the principle that "penal laws are to be strictly construed" is an obsolete standard no longer applicable in this modern era. The Commonwealth cites Section 105 of the Preliminary Provisions of the Crimes Code which sets forth that: "The provisions of this title shall be construed according to the fair import of their terms...." 18 Pa.C. S.A. § 105. However, it is clear from the explicit language of Section 105 that the "fair import" principle of construction specifically applies to the provisions of the Crimes Code (Title 18). It does not supercede the "strict construction" standard outside of the Crimes Code prescribed by 1 Pa.C.S. § 1928(b)(1). Thus, contrary to the Commonwealth's assertions, both the trial court and the Superior Court correctly applied the "strict construction" principle to the penal provisions of the Medicaid Fraud and Abuse Control Act, 62 P.S. § 1407(a).

As the lower court pointed out, § 1407(a)(1) is a rather general provision setting forth in broad terms the fraudulent conduct that is prohibited by the statute. Subsection (a)(1) describes knowing and intentional conduct amounting to fraud. It describes conduct involving guilty knowledge. Similarly, § 1407(a)(4), (a)(7) and (a)(9) specify conduct of

the same kind and nature as that delineated in § 1407(a)(1). Each of the relevant subsections describe fraudulent acts. All of the prohibited acts are classified as third degree felonies and all carry the same maximum fine and prison term.

Fraud involves deliberate and intentional conduct calculated to deceive. *Frowen v. Blank*, 493 Pa. 137, 425 A.2d 412 (1981). Reckless conduct or negligence is not conduct deliberately calculated to deceive. Yet the Commonwealth would have us equate recklessness and negligence with fraud in finding that § 1407(a)(7) and (a)(9) of the Medicaid Fraud and Abuse Control Act have been violated.

Generally, when the proscribed conduct necessarily involves deceitful acts and acts of fraud, criminal intent or guilty knowledge is an essential element of the offense. Considering the purpose and the *raison d'etre* of the Medicaid Fund and Abuse Control Act, we hold that an essential element of any violation of § 1407(a)(4), (a)(7) and (a)(9) is knowing or intentional conduct as specifically set forth in § 1407(a)(1).

The order of the Superior Court is affirmed.

McDERMOTT, J., dissents.