681 A.2d 710

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Herman SHADE, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 21, 1994.

Decided July 26, 1996.

348

Peter T. Campana, Williamsport, for appellant.

Robert B. Sacavage, District Attorney, for appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## *OPINION*

NIX, Chief Justice.

Appellant, Herman Shade, appeals from the order of the Superior Court which affirmed the order of the court of common pleas which granted Appellant's motion for a new trial but denied his motion in arrest of judgment. We granted allocatur in order to review the propriety of the relief granted by the trial court after it ruled that it gave an erroneous jury instruction. For the reasons that follow, we reverse the order of the Superior Court.

On April 10, 1990, at 2:37 a.m., Appellant was stopped by Officer Lutcher of the Milton Borough Police Department for failing to stop his vehicle at a flashing red signal. During the course of the stop, the officer detected a moderate odor of alcohol, observed that Appellant's eyes were bloodshot, and noticed that Appellant had difficulty with respect to his speech and gait. Appellant admitted to Officer Lutcher that he had consumed three beers between the time of 1:30 a.m. and 2:15 a.m.

Based on what he had observed and been told, Officer Lutcher requested that Appellant perform field sobriety tests. Appellant complied but did not perform the tests to the satisfaction of the officer. As a result, Appellant was taken to the Milton police station where he was given an intoxilyzer test. The first breath sample was taken at 3:23 a.m., forty-six minutes after the initial stop, and registered .157% blood alcohol content ("BAC"). The second sample was taken one minute later and registered .142%. The trial court noted that "[n]either the arresting officer nor the officer who had administered the test were [sic] qualified as an expert in order to testify at trial that the amount of alcohol by weight in [Appellant]'s blood *at the time he was driving* was greater than .10%." *Commonwealth v. Shade*, No. CR–90–411, slip op. at 2–3 (C.P. Northumberland County June 3, 1992).

The trial court instructed the jury at the close of trial that the Commonwealth was not required to produce evidence to relate the results of Appellant's intoxilyzer test back to the time that he was allegedly operating his vehicle. The jury subsequently found Appellant guilty of operating a vehicle while having a blood alcohol content of .10% or greater in violation of 75 Pa.C.S. § 3731(a)(4).[1]

Appellant filed timely post-verdict motions alleging, *inter alia*, that the trial court erroneously instructed the jury that the Commonwealth did not have to relate back the evidence of Appellant's BAC to the time that he was driving his vehicle. In light of recent case law, the trial court agreed with Appellant's challenge and granted a new trial but denied his motion in arrest of judgement.

In support of its ruling, the trial court cited *Commonwealth v. Jarman*, 529 Pa. 92, 601 A.2d 1229 (1992), and *Commonwealth v. Modaffare*, 529 Pa. 101, 601 A.2d 1233 (1992),

---

1. At the time relevant to the offense, 75 Pa.C.S. § 3731(a)(4) provided:
   (a) **Offense defined.**—A person shall not drive, operate or be in actual physical control of the movement of any vehicle while:

   . . . .

   (4) the amount of alcohol by weight in the blood of the person is 0.10% or greater.

wherein this Court reversed the judgments of sentence of two individuals convicted under 75 Pa.C.S. § 3731(a)(4). In those cases, we recognized the existence of a strong inference that an individual's BAC would be beyond the permissible limit while driving when that individual possessed a BAC significantly above .10% and when the testing occurred shortly after the individual had driven his vehicle. However, there was no specific indication as to what BAC would be considered significantly above .10%, nor did we establish a temporal threshold for the lapse of time between driving and BAC testing. Based on this lack of specifically defined boundaries, the trial court in the instant case concluded that it could not grant a motion in arrest of judgment. *Commonwealth v. Shade*, No. CR–90–411, slip op. at 6.

In a supplemental opinion addressing the appropriateness of its post-verdict relief, the court noted that Appellant's request for relief was phrased in the alternative, *i.e.* motion for a new trial *or* motion in arrest of judgement. *Commonwealth v. Shade*, No. CR–90–411, slip op. at 1 (C.P. Northumberland County July 29, 1992). Faced with these alternatives, the trial court reasoned that fairness to both parties mandated the grant of a new trial in view of the prejudicial effect of arresting judgment against the Commonwealth and the absence of such prejudice to Appellant in granting a new trial. *Id.* It added that the grant of a new trial would permit both the Commonwealth and Appellant to proceed "in accordance with the existing caselaw." *Id.* at 3.

On appeal, the Superior Court affirmed based upon the trial court's original and supplemental opinions. *Commonwealth v. Shade*, No. 2130 Philadelphia 1992, 431 Pa.Super. 622, 631 A.2d 217 (Apr. 30, 1993). In so doing, it reaffirmed the fact that this Court has " 'drawn no bright lines between what it would consider to be a minimal upward departure [from .10% BAC] suggesting a weak inference of guilt and what would constitute a significant upward deviation which would give rise to a strong inference of guilt.' " *Id.* at 3 (quoting *Commonwealth v. Shade*, No. CR–90–411, slip op. at 5–6 (C.P. Northumberland County June 3, 1992)).

The insufficiency of the evidence supporting Appellant's conviction does not appear to be an issue in dispute among the parties. It is apparent that the trial court's erroneous charge allowed the jury to base its verdict on unsubstantiated speculation. There was no evidence to support a finding that Appellant had a BAC of .10% *while he was operating his vehicle.* Thus, the only question is whether the trial court correctly granted Appellant a new trial as the proper remedy for the improper jury charge. Based on our recent decision in *Commonwealth v. Loeper,* 541 Pa. 393, 663 A.2d 669 (1995), we are compelled to conclude that the trial court should have granted Appellant's motion in arrest of judgment.

In *Loeper,* the appellant had been convicted of driving under the influence of alcohol pursuant to 75 Pa.C.S. § 3731(a)(4) (operation of a motor vehicle with a BAC of 0.10% or greater). The Superior Court found that the inference of guilt was too weak to support the appellant's conviction because his BAC did not represent a significant departure from the permissible limit and because there was a substantial delay prior to the administration of his BAC test. Thus, there was no evidence to relate back the BAC test results as required by *Commonwealth v. Jarman,* 529 Pa. 92, 601 A.2d 1229 (1992), and *Commonwealth v. Modaffare,* 529 Pa. 101, 601 A.2d 1233 (1992).

The Superior Court nevertheless went on to conclude that there was additional evidence from which the jury could have inferred that the appellant had operated his vehicle with a BAC in excess of the permissible limit. This evidence consisted of the testimony of two police officers who observed the appellant slur his speech at the time of his stop and the testimony of the appellant's own expert that most people do not begin to show outward signs of intoxication until they achieve BAC of .15%.

On appeal, this Court reversed the Superior Court based on our conclusion that the evidence was insufficient to support the appellant's conviction under 75 Pa.C.S § 3731(a)(4). We found that the evidence of physical impairment was irrelevant insofar as it related to a prosecution for operating a vehicle

with a BAC of .10% or greater.[2]  *Loeper,* 541 Pa. at 402–03, 663 A.2d at 673–74.   Accordingly, because the appellant's conviction was not based on the requisite degree of evidence necessary to legally support such a conviction, his sentence was vacated.  *Id.* at 403–04, 663 A.2d at 674.

Likewise, in the instant case, the evidence underlying Appellant's conviction is insufficient as a matter of law.  The jury was permitted to base its verdict on an erroneous instruction which relieved the Commonwealth of its burden of proving a material element of the offense set forth in 75 Pa.C.S. § 3731(a)(4).  The Superior Court therefore erred in affirming the trial court's grant of a new trial.  The proper remedy in this case should have been to grant Appellant's motion in arrest of judgment.[3]

The order of the Superior Court is reversed.

CAPPY, J., files a concurring opinion.

CASTILLE, J., files a dissenting opinion in which NIGRO and NEWMAN, JJ., join.

CAPPY, Justice, concurring.

Because Appellant preserved the issue of whether the Commonwealth had to produce evidence relating the results of his BAC test to the time of his driving (hereinafter "relation back

---

**2.**  The basis for this conclusion was the scientific nature of the evidence needed to convict under 75 Pa.C.S. § 3731(a)(4).  It was the belief of a majority of this Court that evidence of physical impairment had no bearing on the determination of the amount of alcohol by weight in the blood of an individual.

**3.**  In his dissent, Mr. Justice Castille characterizes our reliance on *Loeper* as being a retroactive application of the rule of that case.  However, we cite *Loeper* only because it is instructional as to the proper remedy when a conviction is not supported by sufficient evidence.  The specific reason for the deficiency in the evidence supporting the conviction in *Loeper* is not relevant to our resolution of the instant case.  Both Appellant and the defendant in *Loeper* were convicted of violations of 75 Pa.C.S. § 3731(a)(4), and it was subsequently determined that the evidence of record was insufficient to support their convictions.  On that basis, fundamental fairness dictates that the remedy for each defendant be the same.  Accordingly, Mr. Justice Castille's assertion that Appellant has not raised or preserved the issue of improper use of physical impairment evidence is of no moment.

evidence") so as to survive a sufficiency of the evidence challenge, I would grant Appellant's motion for arrest of judgment and thus I concur in the result reached by the majority. *See Commonwealth v. Cabeza,* 503 Pa. 228, 233, 469 A.2d 146, 148 (1983)

> where an appellate decision overrules prior law and announces a new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively to cases where the issue in question is properly preserved at all stages of adjudication up to and including any direct appeal.

*Accord Commonwealth v. Sessoms,* 516 Pa. 365, 380, n. 2, 532 A.2d 775, 782, n. 2 (1987). *See also Commonwealth v. Gillespie,* 512 Pa. 349, 516 A.2d 1180 (1986).

At the time of Appellant's trial, the state of the law did not require the Commonwealth to produce "relation back" evidence. *See Commonwealth v. Speights,* 353 Pa.Super. 258, 509 A.2d 1263 (1986). *See also* Trial court slip opinion and supplemental slip opinion. However, subsequent to Appellant's trial, but before the disposition of post trial motions, this Court issued two opinions: *Commonwealth v. Jarman,* 529 Pa. 92, 601 A.2d 1229, (1992) and *Commonwealth v. Modaffare,* 529 Pa. 101, 601 A.2d 1233, (1992) which held that absent relation back evidence, the Commonwealth's case was insufficient to sustain its burden to prove a violation of 75 Pa.C.S.A. § 3731(a)(4). In addition, subsequent to the issuance of *Jarman* and *Modaffare,* but before the trial court's disposition of Appellant's post trial motions, the Superior Court issued *Commonwealth v. Osborne,* 414 Pa.Super. 124, 606 A.2d 529 (1992), *appeal denied,* 531 Pa. 660, 613 A.2d 1209 (1992) which construed *Jarman* and *Modaffare* as requiring the Commonwealth to produce relation back evidence in order to sustain its burden of proof in prosecuting a § 3731(a)(4) violation. *See also Commonwealth v. Loeper,* 541 Pa. 393, 403 n. 7, 663 A.2d 669, 674 n. 7 (1995) (recognizing by implication that *Jarman* and *Modaffare* established the requirement that the Commonwealth had to produce "relation back" evidence in order to establish a prima facie case and that in *Commonwealth v.*

*Yarger,* 538 Pa. 329, 648 A.2d 529 (1994) we modified the requirement established in *Jarman* and *Modaffare* ). Thus, between the time of the trial and the time when the trial court was considering the post trial motions, the state of the law had changed. The question presented to the trial court was whether Appellant was to be accorded the benefits of the change. The trial court clearly decided that Appellant should be accorded the benefit of such a change and held that

Defendant is clearly entitled to the benefit of the above rulings [i.e., *Jarman, Modaffare,* and *Osborne* ] because he has properly preserved the issue of relation back through all stages of the proceedings where this issue could have been raised. *See Commonwealth v. Sessions [sic],* 516 Pa. 365, 532 A.2d 775 (1987) and *Commonwealth v. Cabeza,* 503 Pa. 228, 469 A.2d 146 (1983).

Trial court slip op. at 6–7. I agree with the trial court that because the Appellant has preserved the issue of the sufficiency of the evidence at every stage of the proceedings, he is entitled to the benefit of the *Jarman, Modaffare* and *Osborne.* However, I must disagree with the trial court's conclusion, 1) that the remedy of a new trial is adequate to provide Appellant with the benefit of those rulings and 2) that prejudice to the Commonwealth is a proper consideration in denying Appellant's motion in arrest of judgment.

The grant of a new trial is simply an inadequate remedy where the Commonwealth as a matter of law fails to produce sufficient evidence. *Commonwealth v. Vogel,* 501 Pa. 314, 461 A.2d 604 (1983); *Commonwealth v. Cardona,* 316 Pa.Super. 381, 387, 463 A.2d 11, 14 (1983)("when the evidence is insufficient to support the verdict, a defendant is *entitled* to have the charges against him dismissed outright.")(emphasis added). Indeed, granting an arrest of judgment where the Commonwealth fails to produce sufficient evidence is constitutionally compelled. *Vogel* In *Vogel,* 501 Pa. at 319, 461 A.2d at 607, this Court specifically noted that the United States Supreme Court in *Burks v. U.S.,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), had "concluded that double jeopardy precludes a retrial once an appellate court has found the evidence legally insuffi-

cient." *See also Smalis v. Pa.*, 476 U.S. 140, 144, 106 S.Ct. 1745, 1748, 90 L.Ed.2d 116 (1986) where the United States Supreme Court declared that "[w]hat the demurring defendant seeks is a ruling that as a matter of law the State's evidence is insufficient to establish his factual guilt. Our past decisions, which we are not inclined to reconsider at this time, hold that such a ruling is an acquittal under the Double Jeopardy Clause." (footnote and citations omitted) Accordingly, because the trial court held that the Appellant was entitled to the benefit of the change in the law (and I agree), and because *Jarman, Modaffare* and *Osborne* require that Appellant be discharged, Appellant is entitled to an arrest of judgment. In this regard, I note that the defendants in *Jarman, Modaffare* and *Osborne* were not given new trials but were all discharged.

Moreover, the standard for deciding upon a motion in arrest of judgment is clear:

> In order for a trial court to properly grant a criminal defendant's motion in arrest of judgment on the ground of the insufficient evidence, "it must be determined that accepting all of the evidence and all reasonable inferences therefrom, upon which, if believed [the verdict could properly have been based], it would be nonetheless insufficient in law to find beyond a reasonable doubt that the [defendant is guilty of the crime charged.]" *Commonwealth v. Blevins*, 453 Pa. 481, 483, 309 A.2d 421, 422 [.]

*Commonwealth v. Meadows*, 471 Pa. 201, 205–06, 369 A.2d 1266, 1268 (1977). This standard clearly does not permit a trial court to consider prejudice to the Commonwealth in deciding such a motion. In fact, the Commonwealth will always be "prejudiced" by a grant of an arrest of judgment because by definition it bars the Commonwealth from prosecuting the defendant again. Accordingly, to the extent that the trial court considered prejudice to the Commonwealth in disposing of Appellant's motion in arrest of judgment, the trial court erred.

Finally, the Majority asserts that "[t]he insufficiency of the evidence supporting Appellant's conviction does not appear to

be an issue in dispute among the parties" Majority Op. at 351. If the Commonwealth does concede that the evidence was insufficient, then pursuant to *Smalis, Vogel* and *Cardona,* the grant of the motion in arrest of judgment is required. Moreover, I strongly disagree with the Majority when it states that "the only question is whether the trial court correctly granted Appellant a new trial as the proper remedy for the improper jury charge." Majority Op. at 351. The insufficiency of the evidence is the only issue before this Court. What we are deciding is the appropriateness of the trial court's denial of Shade's post trial motion in arrest of judgment. *See* Appellant's Post Verdict Motions, filed at No. CR–90–411 wherein under the heading of "MOTION IN ARREST OF JUDG-MENT", Appellant's sole ground for requesting an arrest of judgment is that "the evidence is legally insufficient to sustain the jury's guilty verdict." *Id.* at 2.[1] Indeed the only issue before this court is the appropriateness of the trial court's denial of the motion in arrest of judgment. The "Statement of Question Presented for Review" section in Appellant's Petition for Allowance of Appeal which was granted stated the sole issue as "Whether the trial court erred in denying the Petitioner's motion in arrest of judgment?" Appellants' PAA at 1. The "Statement of Question Involved" section of Appellant's brief to this Court states the sole issue as "Whether the trial court erred in denying Appellant's motion in arrest of judgment?" Since the trial court granted Appellant's motion for a new trial, the Appellant could not possibly appeal that order as it was decided in Appellant's favor.[2] Additionally, the

1. Only in support of his motion for a new trial filed with the trial court does Appellant raise the issue of the improper jury instruction. Appellant does not raise the improper jury instruction as a basis in support of his motion in arrest of judgment.

2. This is the fundamental flaw in the dissenting opinion of my learned colleague, Mr. Justice Castille. He finds that the dispositive issue is the determination of whether the trial court abused its discretion in granting a new trial. However, as discussed in the body of this opinion, the question of the appropriateness of the grant of a new trial is not before us, neither the Appellant nor the Commonwealth appealed that order. The only order before us is that which denied the grant of an arrest of judgment and the standard of review for the grant of a motion in arrest of judgment is plenary as it presents a pure question of law, *i.e.,* the

Commonwealth did not appeal the trial court's grant of a new trial. Accordingly, the issue of the propriety of the grant of a new trial based upon an allegedly erroneous jury instruction simply is not before this Court.

In addition, even accepting as true the majority's assertion that "the only question is whether the trial court correctly granted Appellant a new trial as the proper remedy for the improper jury charge", the majority's conclusion that an erroneous jury charge merits an arrest of judgment is, in my view, incorrect. The appropriate remedy for an erroneous jury charge is the grant of a new trial and not arresting judgment. *Commonwealth v. Wilcox,* 400 Pa.Super. 433, 583 A.2d 1208 (1990), *reversed on other grounds,* 531 Pa. 459 613 A.2d 1207 (1992).[3]

For the foregoing reasons, I concur in the grant of the arrest of judgment.

CASTILLE, Justice, dissenting.

The majority holds that the trial court erred in granting a new trial after determining that, based on a change in the law, it had given an erroneous jury instruction. Because I agree that the relief granted by the trial court was appropriate, I respectfully dissent.

The determination of whether to grant a new trial is within the discretion of the trial court, and will not be reversed absent an abuse of that discretion. *Commonwealth v. Powell,* 527 Pa. 288, 292, 590 A.2d 1240, 1242 (1991). At the outset,

legal sufficiency of the evidence. *See Commonwealth v. Rawles,* 501 Pa. 514, 462 A.2d 619 (1983); *Commonwealth v. Parker* 305 Pa.Super. 516, 524 n. 2, 451 A.2d 767, 771, n. 2 (1982).

**3.** Although this Court reversed the Superior Court's decision in *Commonwealth v. Wilcox* by per curiam order, this Court cited *Commonwealth v. Lurie,* 524 Pa. 56, 569 A.2d 329 (1990) in support thereof. *Lurie* does not at all speak to the issue of the proper remedy for an erroneous jury instruction; rather it dealt with *inter alia* the sufficiency of the evidence to sustain a conviction under 62 P.S. § 1407(a)(7) of the Medicaid Fraud and Abuse Control act. Therefore, given the cite to *Lurie,* it is apparent that this Court's reversal of the Superior court was based upon grounds other than the Superior Court's conclusion with regards to the remedy for an improper jury charge.

appellant requested either a new trial *or* arrest of judgment. I cannot agree that the trial court abused its discretion in granting relief which was in fact specifically requested by appellant. Furthermore, I believe that the trial court's ruling was correct.

The trial court determined that a new trial was required in the interest of justice in order to avoid prejudicing the Commonwealth because of a change in the law. In this Commonwealth, "[a] trial court has an 'immemorial right to grant a new trial, whenever, in its opinion, the justice of the particular case requires.'" *Id.* at 293, 590 A.2d at 1242 (citations omitted). At the time of appellant's trial, the state of the law was that the Commonwealth had no obligation to present any evidence relating appellant's blood alcohol content (BAC) at the time of testing back to the time of driving. *Commonwealth v. Speights,* 353 Pa.Super. 258, 266, 509 A.2d 1263, 1267 (1986), *alloc. denied,* 517 Pa. 594, 535 A.2d 83 (1987). Because the Commonwealth proceeded through trial in accordance with the applicable law, and the trial court so instructed the jury on the then applicable law, the trial court determined that justice weighed against its granting appellant's motion in arrest of judgment and that a new trial was the appropriate remedy. Specifically, the trial court stated, "in consideration of the Court's charge, the issue of blood alcohol content was sufficiently ambiguous as to leave open to speculation the question of [appellant's] BAC at while driving." *Commonwealth v. Shade,* No. CR–90–411, slip op. at 4 (C.P. Northumberland County June 3, 1992).[1] Thus, the trial court's determination that appellant was deprived of a fair trial was based not upon the sufficiency of the evidence presented, but upon the erroneous instruction from the trial court concerning what the

---

1. The majority asserts that "the insufficiency of the evidence ... does not appear to be an issue in dispute among the parties." Op. at 351. However, the Commonwealth does not concede that the evidence was insufficient to support appellant's conviction. Furthermore, neither the trial court nor the Superior Court held that the evidence was insufficient, but merely that it was unclear whether the jury would have found that the evidence that was presented at trial sufficiently related appellant's BAC back to the time of driving had they been instructed that such a finding was necessary.

evidence so presented had to establish in order to sustain a conviction. For several reasons, I do not believe that granting a new trial as opposed to an arrest of judgment under those circumstances was an abuse of discretion.

First, neither *Commonwealth v. Modaffare*, 529 Pa. 101, 601 A.2d 1233 (1992), nor *Commonwealth v. Jarman*, 529 Pa. 92, 601 A.2d 1229 (1992), are determinative of the outcome in this case. While this Court determined that the evidence in those cases was insufficient to support the verdicts, those holdings were based on the specific facts of those cases. In *Modaffare*, the defendant's BAC registered at .108% almost two hours after the time at which he was driving. In *Jarman*, the defendant's BAC registered .114% an hour after driving. And in both cases, expert witnesses testified that it was possible or even probable that the defendants' BACs had peaked between the time of the stop and the time of testing. The Court specifically held in those cases that the Commonwealth must relate BAC back to the time of driving and that, where the BAC barely exceeded .10% and there had been a significant time lapse between driving and the blood test, the inference of guilt was *weakened,* and therefore more evidence than simply BAC test results would be required to sustain a conviction. *Jarman, supra* at 96, 601 A.2d at 1231; *Modaffare, supra* at 105, 601 A.2d at 1235. Under the circumstances of those particular cases, the Court held that the evidence was insufficient to establish relation back of the appellants' BACs to the time of driving. *Jarman, supra* at 97, 601 A.2d at 1231; *Modaffare, supra* at 106–07, 601 A.2d at 1236.

In the present case, however, appellant's BAC, taken forty-five minutes after driving, was .142%, more than 40 percent over the legal limit, a deviation which, unlike the majority of this Court, I consider to be significant. Additional evidence was also presented at trial, including that at the time appellant was stopped he smelled of alcohol, had bloodshot eyes, was slurring his speech and had trouble keeping his balance. Appellant also failed two field sobriety tests. Given the high BAC and the additional circumstantial evidence that appellant was under the influence of alcohol at the time of driving, the

jury could have found that the Commonwealth established relation back with the evidence presented at trial, had they been so instructed under the rationale of *Modaffare* and *Jarman. See also, Commonwealth v. Yarger,* 538 Pa. 329, 648 A.2d 529 (1994) (BAC result of .18% is sufficient by itself to establish *prima facie* case of DUI, and Commonwealth is not required to present expert testimony to establish relation back).

Moreover, the Majority erred in applying *Commonwealth v. Loeper,* 541 Pa. 393, 663 A.2d 669 (1995) (circumstantial evidence not admissible to prove BAC at the time of driving under 75 Pa.C.S. § 3731(a)(4)), to this case. *Loeper* was not decided until after this case was submitted to this Court and was not made retroactive. Furthermore, appellant did not raise or preserve the issue of whether evidence of physical impairment other than one's BAC was improper to determine intoxication, which was the issue in *Loeper.* Therefore, appellant is not entitled to an arrest of judgment based on that ruling.[2]

Finally, I wish to reiterate my conviction that this Court has disregarded the intent of the legislature in holding that circumstantial evidence is inadmissible for the purpose of establishing that a person's BAC was .10% or greater at the time of driving. As I stated in my dissent in *Loeper,* the legislature has provided that, while chemical test results are admissible in order to establish BAC, their admissibility "shall not be construed as limiting the introduction of any other competent evidence bearing upon the question of whether or not the

**2.** Furthermore, I would note that I dissented in *Loeper* based upon my belief that the statute expressly permits the use of circumstantial evidence through 75 Pa.C.S. § 1547(f), which provides:

**Other evidence admissible.**—Subsections (a) through (i) [relating to chemical testing to determine BAC] shall not be construed as limiting the introduction of any other competent evidence bearing upon the question of whether or not the defendant was driving under the influence of alcohol.

Apparently, the legislature needs to amend this language to clarify even further that circumstantial evidence may be used in addition to chemical test results to establish BAC at the time of driving in view of the majority's ruling in *Loeper* that circumstantial evidence is not admissible.

defendant was driving under the influence of alcohol." *Id.* at 405, 663 A.2d at 675, *citing* 75 Pa.C.S. § 1547(f). In holding to the contrary, the Majority has changed the burden on the Commonwealth from "beyond a reasonable doubt" to "by a mathematical certainty."

Because I do not believe that the trial court abused its discretion in granting relief which served the interests of justice and was specifically requested by appellant, I would affirm the order of the Superior Court affirming the trial court's grant of a new trial.

NIGRO and NEWMAN, JJ., join in this dissenting opinion.