COMMONWEALTH of Pennsylvania,
Appellee,

v.

Richard C. DOWNING, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 22, 1999.

Filed Aug. 24, 1999.

Richard E. Goldinger, Public Defender, Butler, for appellant.

David A. Hepting, Asst. Dist. Atty., Butler, for Com., appellee.

Before EAKIN, JOYCE and HESTER, JJ.

EAKIN, J.:

¶ 1 Richard Downing appeals from the judgment of sentence entered following his conviction for driving under the influence (DUI). We affirm.

¶ 2 On August 20, 1995, Pennsylvania State Police Trooper John Angelo was dispatched to Herman Road in Butler County, where a motorist allegedly struck a pedestrian. He arrived and discovered appellant was the driver. Upon noticing appellant had an odor of alcohol on his breath and staggered when he walked, Trooper Angelo administered three field sobriety tests. Appellant did poorly on all three evaluations and was placed under arrest.

¶ 3 Appellant was transported to the State Police barracks. One hour and seventeen minutes after the accident, he was given a breathalyzer test which revealed his blood alcohol content (BAC) was 0.145%. Appellant waived his *Miranda*[1] rights and admitted he was intoxicated, having been at several bars earlier in the evening drinking beer.

¶ 4 On October 16, 1995, appellant was charged with DUI pursuant to 75 Pa.C.S. Sections 3731(a)(1) and (a)(4).[2] A jury found him guilty as charged; he was sentenced, and this appeal follows.

¶ 5 Appellant first argues the trial court should not have permitted evidence of his BAC to support the charge under Section 3731(a)(4) because the Commonwealth did not present expert "relation-back" testimony;[3] without such testimony, he maintains, the Commonwealth could not have proven beyond a reasonable doubt he had a BAC of 0.10% or greater at the time he was driving. Appellant's claim calls upon this Court to once again sift through the paradoxical volume of law regarding retrograde extrapolation as it pertains to our DUI statute.

¶ 6 In *Commonwealth v. Jarman*, 529 Pa. 92, 601 A.2d 1229 (1992), and *Commonwealth v. Modaffare*, 529 Pa. 101, 601 A.2d 1233 (1992), the Supreme Court recognized "a person's blood alcohol level fluctuates with the passage of time, such that the level gradually rises after drinks have been consumed until a peak is reached roughly one hour after drinking has ceased, and that, thereafter the level declines." *Jarman*, at 1231; *Modaffare*, at 1235. With this in mind, the Court set forth general standards for determining if and when the Commonwealth would be required to proffer expert relation-back testimony under Section 3731(a)(4):

> In cases where test results show levels of alcohol significantly above 0.10% and where blood samples have been obtained soon after suspects have been stopped, there is a very strong inference that blood alcohol levels were in the prohibited range while driving. However, ... where the blood alcohol test result barely exceeded the 0.10% level and the lapse of time between driving and the taking of the blood sample was not insignificant, the inference is weakened.

**1.** *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**2.** Also charged with violating 75 Pa.C.S. § 3731(a)(5), he was not prosecuted under this Section because it was held unconstitutional by the Supreme Court in *Commonwealth v. Barud*, 545 Pa. 297, 681 A.2d 162 (1996).

**3.** Relation-back, or retrograde extrapolation, has been defined as the process of inferential- ly projecting data into an unknown area to achieve a conjectural knowledge of the unknown. *See* Robert J. Schefter, *Under the Influence of Alcohol Three Hours After Driving: The Constitutionality of the (A)(5) Amendment to Pennsylvania's DUI Statute.* Rephrased in English, retrograde extrapolation means several factors are applied to the test results to arrive at an educated estimate of BAC at the time of driving.

*Jarman*, at 1230–31; *Modaffare*, at 1235. The Supreme Court thus concluded, in cases where the inference is weak, the Commonwealth must present expert testimony relating the BAC test result back to the time the suspect was driving. Jarman's BAC was 0.104% one hour after he had been stopped; Modaffare's BAC was 0.108% one hour and fifty minutes after driving. The Court found these statistics provided a weak inference, necessitating expert testimony.

¶ 7 The Supreme Court recognized the two factors involved: time and test result. However, the Court did not specifically indicate what combination of BAC levels and time lapse would obviate the need for expert relation-back evidence. As a result, courts thereafter struggled with the question of when a BAC is "significantly" above 0.10%, and when testing is "soon after suspects have been stopped" for purposes of determining whether the Commonwealth must present expert relation-back testimony.[4] In *Osborne*, a panel of this Court summarized the practical problems arising from the application of the *Jarman* and *Modaffare* holdings:

> [T]he supreme court did not draw a bright numerical line between what it would consider to be a minimal upward departure suggesting a weak inference of guilt and what would constitute a significant upward deviation which would give rise to a strong inference of guilt. In like vein, the supreme court failed to establish a temporal cut-off for the drawing of a suspect's blood to indi-

cate either a weak or a strong inference of guilt.

*Osborne*, at 531.

¶ 8 In *Commonwealth v. Yarger*, 538 Pa. 329, 648 A.2d 529 (1994), the Supreme Court attempted to solve the uncertainty created by the *ad hoc* approach of *Jarman* and *Modaffare*. Reasoning a case-by-case review of convictions under 3731(a)(4) was virtually unworkable, the Court concluded:

> once the Commonwealth has established that the driver's blood alcohol content reflects an amount above 0.10%, the Commonwealth has made a *prima facie* case under 75 Pa.C.S. § 3731(a)(4). At this point, the defendant is permitted to introduce expert testimony to rebut the Commonwealth's *prima facie* evidence. If the defendant decides to rebut the *prima facie* evidence against him with expert testimony, then the Commonwealth may present its own expert to refute this testimony.

> \* \* \*

> [W]e find it unnecessary to require the Commonwealth to present expert testimony in cases where the driver has failed to rebut the Commonwealth's *prima facie* evidence that his blood alcohol content was 0.10% while operating a motor vehicle.

*Yarger*, at 531–32 (footnote omitted). Although the Court repeatedly stressed this point, it found Yarger's BAC level of 0.18% to have been "significantly" above the legal limit, and the time period of forty minutes not to have been lengthy. *Id.*, at 531. The Court then explained no relation-back testimony was required, and affirmed the conviction.[5]

4. *See, e.g., Commonwealth v. Loeper*, 541 Pa. 393, 663 A.2d 669 (1995) (expert relation-back testimony needed where BAC of 0.141%, termed "slight," taken two hours after last time of driving); *Commonwealth v. Stith*, 434 Pa.Super. 501, 644 A.2d 193 (1994) (relation-back testimony needed where 0.12% BAC taken 40 minutes after being stopped); *Commonwealth v. Proctor*, 425 Pa.Super. 527, 625 A.2d 1221 (1993) (relation-back testimony needed where 0.179% BAC taken approximately two hours after being stopped), *appeal denied*, 535 Pa. 661, 634 A.2d 223 (1993); *Commonwealth v. Kasunic*, 423 Pa.Super. 112, 620 A.2d 525 (1993) (no relation-back testimony needed where BAC of 0.21% taken fifty minutes after driving); *Commonwealth v. Osborne*, 414 Pa.Super. 124, 606 A.2d 529 (1992), appeal denied, 531 Pa. 660, 613 A.2d 1209 (1992) (relation-back testimony needed where 0.1488% BAC taken 50 minutes after arrest).

5. The *Yarger* decision has also caused confusion. Its language "arguably ... desired to relieve the Commonwealth from presenting expert relation back testimony in all DUI

¶ 9 The Supreme Court had occasion to interpret this ambiguity in *Commonwealth v. Loeper*, 541 Pa. 393, 663 A.2d 669 (1995), and reiterated the "Commonwealth is not required to present expert evidence of "relation back" in order to establish a *prima facie* case." *Id.*, at 674 n. 7. The Court accordingly reasoned that evidence of Loeper's BAC of 0.141% obtained two hours after driving "alone would have been sufficient to sustain his conviction" had *Yarger* been the law at the time of trial. *Id.* Therefore, we must review the record before us in light of the holding in *Yarger*, as confirmed in *Loeper*, to determine whether evidence of appellant's BAC made a *prima facie* case. *See Commonwealth v. Allbeck*, 715 A.2d 1213, 1215 (Pa.Super.1998).

¶ 10 Appellant's BAC, taken seventy-seven minutes after the driving, was 0.145%. This was 45% over the legal limit,[6] and the time lapse was not lengthy. As the evidence demonstrated a *prima facie* case appellant's BAC was above 0.10% while he was driving, it was not necessary for the Commonwealth to present expert retrograde extrapolation evidence during its case-in-chief. *Compare Allbeck*, *supra* (0.151% BAC taken ninety minutes after driving demonstrated *prima facie* case and exempted Commonwealth from presenting expert relation-back testimony). Because appellant did not present any retrograde extrapolation evidence that may have rebutted the Commonwealth's *prima facie* case, his conviction under Section 3731(a)(4) was proper.[7]

cases." *Commonwealth v. Montini*, 712 A.2d 761, 765 n. 2 (Pa.Super.1998). On the other hand, because *Yarger* also utilized the *ad hoc* approach, considering Yarger's BAC and when it was taken, some courts have espoused an alternative view of the holding, limiting it to mean only if the defendant's BAC was significantly above 0.10%, and the time between driving and the administering of the blood test was relatively short (as in *Yarger*), is expert relation-back testimony not required. *See Commonwealth v. Murray*, 1999 Pa.Super. Lexis 135, 135, n. 19 (Pa.Super.Feb. 18, 1999), *reargument granted*, April 30, 1999 (citations omitted). "Under this view, only in such cases may the Commonwealth merely make out a *prima facie* case that the defendant's BAC registered at least 0.10% and forego expert relation-back testimony (except as needed for purposes of rebuttal). The Commonwealth would, however, still need to present such testimony in its case-in-chief if the BAC were only slightly above 0.10% and/or the time elapsed were relatively long." *Id.* *Compare Commonwealth v. Montini*, 712 A.2d 761, 766–67 (Pa.Super.1998) (calling upon Supreme Court to revisit *Yarger* due to its shifting of the burden and because it is still not clear when the Commonwealth must present relation-back testimony).

6. We recognize some cases have referred to BAC levels of 0.14% as "slightly" above the legal limit, an adjective we can only ascribe to the misconception of thinking of 0.14% as inherently a very slight number. We can think of no context short of selling used cars where a 40% deviation is "slightly" over the

line. For example, a speeder in a 65 m.p.h. zone, 40% over the limit, is going 91 m.p.h. An election margin of 40% is nothing short of a landslide. Who would call a tax increase of 40% a "slight" increase? Simply put, a BAC of 0.108% may be deemed "slightly" over the limit; a BAC of 0.145% is not.

7. Appellant argues we should follow *Osborne*, and *Commonwealth v. Shade*, 545 Pa. 347, 681 A.2d 710 (1996). These cases involved incidents prior to *Yarger* and, as such, do not rest upon the approach taken therein. However, although not mentioned in appellant's brief, we feel compelled to note the decision in *Commonwealth v. Murray*, 1999 Pa.Super. Lexis 135 (Pa.Super.Feb. 18, 1999), *reargument granted*, April 30, 1999. There, a panel of this Court addressed Section 3731(a.1), a subsection not in effect at the time of the incident herein. Subsection (a.1) attempted to endorse the *prima facie* approach of *Yarger* (to which it added a three-hour specification, harkening back to (a)(5)), leaving untouched the elements of Section 3731(a)(4). The Court found this subsection unconstitutionally void for vagueness and overbreadth. In so doing, the Court held Section 3731(a)(4) "once again stands on its own, without the *prima facie* evidence version of (a.1) . . . [and] we are left with the statute, and the cases interpreting it, as it stood prior to the enactment of the offending subsection." *Id.*, at 43. The Court then found Murray's BAC of 0.14%, 34 minutes after driving, required relation-back testimony. As reargument has been granted, we do not feel compelled to address the conclusion requiring expert evidence when the BAC was 0.14%.

¶ 11 Appellant also contends the evidence was insufficient to sustain his conviction under Section 3731(a)(1). In reviewing the sufficiency of the evidence, our task is to determine whether the evidence and all reasonable inferences therefrom, viewed in the light most favorable to the verdict winner, was sufficient to enable the factfinder to find every element of the crime charged proven beyond a reasonable doubt. *Montini*, at 767. "This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." *Commonwealth v. Swerdlow*, 431 Pa.Super. 453, 636 A.2d 1173, 1176 (1994).

¶ 12 To convict under Section 3731(a)(1), the Commonwealth must prove the appellant was the operator of a motor vehicle, while he was under the influence of alcohol to a degree that rendered him incapable of safe driving. 75 Pa.C.S. § 3731(a)(1); *Commonwealth v. Kelley*, 438 Pa.Super. 289, 652 A.2d 378 (1994). Unlike Section 3731(a)(4), which explicitly depends upon scientific evidence, Section 3731(a)(1) is a general provision that provides no restraints upon the Commonwealth regarding the manner by which it may prove an accused is guilty. *Loeper*, at 671. Thus, admission of a driver's BAC without relating it back does not invoke the same concerns as it does under Section 3731(a)(4). *Commonwealth v. Curran*, 700 A.2d 1333 (Pa.Super.1997).

¶ 13 The Commonwealth clearly demonstrated a violation of Section 3731(a)(1). Immediately following the accident, Trooper Angelo noticed appellant was staggering and had alcohol on his breath. *See Commonwealth v. Yedinak*, 450 Pa.Super. 352, 676 A.2d 1217 (1996) (police officer's testimony regarding his observations of a driver's physical appearance and behavior admissible to establish his inability to operate a vehicle safely), *appeal denied*, 548 Pa. 618, 693 A.2d 588 (1997). Appellant demonstrated his im-

pairment by doing poorly on three field sobriety tests. *See Commonwealth v. Feathers*, 442 Pa.Super. 490, 660 A.2d 90 (1995) (evidence the driver was not in control of herself, such as failing to pass a field sobriety test, could establish she was under the influence of alcohol to a degree which rendered her incapable of safe driving). Finally, appellant's BAC was 0.145%, seventy-seven minutes after the accident. *See Curran, supra*, (driver's BAC, so long as it exceeds 0.05%, is relevant and admissible as evidence he violated Section 3731(a)(1)). Considering the aggregate of these factors, sufficient evidence clearly existed to support appellant's conviction under Section 3731(a)(1).

¶ 14 Based on the foregoing, we affirm the judgment of sentence entered by the trial court.

¶ 15 Judgment of sentence affirmed.